# Mooney, Appellant, v. Lehigh Valley Railroad Company.

*Workmen's compensation law—Appeals to board—Granting of hearing de novo—Interlocutory order—Appeal to Common Pleas—Mixed findings of fact and law.*

1. Where the Workmen's Compensation Board concludes that the adjudication of a referee indicates that there was no evidence before him substantiating the allegation of the claim petition, and makes an order granting a hearing de novo, such order is interlocutory and from it no appeal lies.

2. Where the conclusions of the referee comprehend mixed findings of fact and law, the compensation board is justified in treating the appeal to it as involving a question of fact, and in granting a hearing de novo.

Argued March 25, 1918. Appeal, No. 63, Jan. T., 1918, by claimant, upon judgment of C. P. No. 4, Philadelphia Co., Dec. T., 1917, No. 1996, quashing appeal from Workmen's Compensation Board in case of Elizabeth Mooney v. Lehigh Valley Railroad Co. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Appeal from Workmen's Compensation Board. Before AUDENRIED, J.

The opinion of the Supreme Court states the case.

The lower court quashed the appeal from the Workmen's Compensation Board. Claimant appealed.

*Error assigned,* among others, was in quashing the appeal.

Ulysses S. Koons, with him Charles F. Gerhard, for appellants.

Benjamin O. Frick, with him Prichard, Saul, Bayard & Evans, for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 6, 1918:

Plaintiff claimed compensation for the death of her husband, who was accidentally killed in the course of his employment with defendant; the referee made a compensation order; thereupon, an appeal was taken to the board, on the ground "decedent was engaged in an act connected with interstate commerce at the time the accident occurred, and the Workmen's Compensation Act of June 2, 1915 (P. L. 736), is not applicable to the case."

The board found the adjudication of the referee "clearly indicates there was no evidence before him that substantiated the allegation of the claim petition"; and concluded it could not "sustain the findings of fact of the referee"; therefore, it made an order granting "a hearing de novo."

Plaintiff removed the case to the Common Pleas; which tribunal determined the order in question was merely interlocutory, quashed the appeal and remanded the record. Plaintiff then appealed to this court.

The appellant states, inter alia, the following questions for our determination: (1) "Did the Workmen's Compensation Board have the right to grant a hearing de novo in an appeal by defendant solely from the referee's conclusion of law that plaintiff's husband was not engaged in interstate commerce?" (2) "Was the grant of a hearing de novo as aforesaid merely an interlocutory order of the board, from which there could be no appeal?"

A sufficient answer to the first of these questions is that the conclusion therein referred to comprehends a mixed finding of fact and law; hence the compensation board was justified in treating the appeal to it as involving a question of fact, and in granting a hearing de novo. As to the second question involved, we agree with the court below that the order in question is interlocutory.

In McCauley v. Imperial Woolen Company, 261 Pa. 312, we analyze the relevant parts of the Act of 1915, supra, and so fully discuss the points of practice here

involved that a repetition thereof ·in this case would serve no useful purpose.

This appeal is quashed.