# Hancock *v.* Philadelphia & Reading Railway Co., Appellant.

*Workmen's compensation—Railroads—Death—Interstate cars.*

In a proceeding under the Workmen's Compensation Act against a railroad company to recover damages for the death of an employee of the defendant, where the defendant sets up as a defense, that the deceased was engaged in moving interstate commerce cars at the time he was killed, a finding of the compensation board is conclusive, which in effect was that the cars of coal in the train, upon which the deceased was working, were being transported from the mines to different yards within the State, for the convenience of the shipper, and that the subsequent shipments of any of them upon which the deceased had worked to a point without the State, were made after his death, and after the train crew with which he had worked, had severed its connection with the cars.

Argued Feb. 17, 1919. Appeal, No. 64, Jan. T., 1919, by defendant, from judgment of C. P. Schuylkill Co., March T., 1918, No. 234, affirming award of Workmen's Compensation Board, in case of Margaret L. Hancock v. Philadelphia & Reading Railway Company. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING and KEPHART, JJ. Affirmed.

Appeal from award of Workmen's Compensation Board. Before BECHTEL, P. J.

The court affirmed the award and dismissed the appeal.

*Error assigned* was in discharging exceptions to the award.

*George Gowen Parry,* with him *John F. Whalen,* for appellant.

*L. L. Frank* and *R. A. Reick,* for appellee, were not heard.

PER CURIAM, March 24, 1919:

The sole contention of the appellant is that at the time the deceased was killed he was engaged in moving interstate commerce cars. This was a question of fact, and the finding of the compensation board was that the cars of coal in the train upon which the deceased was working were being transported from the mines to different yards within the State, for the convenience of the shipper, and that the subsequent shipments of any of them upon which the deceased had worked to a point without the State were made after his death and after the train crew with which he had worked had severed its connection with the cars. This finding was conclusive upon the learned court below: Poluskiewicz v. Phila. & Reading Coal & Iron Company, 257 Pa. 305.

Appeal dismissed and award affirmed.