# Reilly, Appellant, *v.* Erie Railroad Company.

*Workmen's compensation—Finding of fact—Referee—Issues—Accident—Interstate commerce—Review by court.*

1. In a proceeding under the Workmen's Compensation Act where the defendant contends that the injury was caused while the workman was engaged in interstate commerce the referee should make a finding as to whether or not the injury occurred in the course of interstate employment.

2. No compensation can be awarded under the Pennsylvania Workmen's Compensation Act for injury caused while the workman was engaged in interstate commerce.

3. Where the referee concluded that it was immaterial whether the accident occurred while the employee was engaged in interstate commerce and failed to find whether or not the injury occurred in the course of interstate employment the compensation board upon appeal should have held the conclusion error, and, either made findings of fact, upon a hearing de novo upon that issue, or sent

the record back to the referee with directions to make a finding based upon the issues.

4. Upon an appeal from an award of the compensation board the findings and conclusions only are before the court for review, and where there are no findings upon the controlling points the court should remand the record to the board with directions to make findings rather than decide the issues from the evidence, inasmuch as the statute contemplates that all findings of fact shall be made by the compensation authorities and not by the courts.

Argued March 17, 1919. Appeal, No. 207, Jan. T., 1919, by claimant, from judgment of C. P. Susquehanna Co., Nov. T., 1917, No. 105, reversing action of Workmen's Compensation Board awarding compensation for death of a workman, plaintiff's husband, in the case of Sarah E. Reilly v. Erie R. R. Co. Before STEWART, FRAZER, MOSCHZISKER, WALLING and KEPHART, JJ. Reversed.

Appeal from decision of Workmen's Compensation Board. Before SMITH, P. J.

The court reversed the action of the compensation board, which affirmed the finding of the referee awarding compensation for the death of the claimant's husband. Claimant appealed.

*Errors assigned* were the decree of the court and its findings of fact.

*Thomas A. Doherty,* for appellant.

*William A. Skinner,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, April 14, 1919:
Sarah E. Reilly, on behalf of herself and children, claimed compensation for the death of her husband, Martin J. Reilly, which occurred April 28, 1916, as the result of accidental injuries in the course of his employment with defendant company. An award was approved by the Workmen's Compensation Board; but, when the

record was removed to the common pleas, this was reversed, and the claimant has appealed.

Defendant has contended from the first that claimant's husband was killed while engaged in interstate commerce; but, without finding any of the facts attending the accident or those essential to a correct understanding and intelligent determination on review of the point thus put at issue, the referee reported the following conclusion: "Whether or not either the decedent or the defendant at the time the accident occurred were engaged in an act connected with interstate commerce, the claimants are entitled to and defendant is liable for compensation to the claimants, as provided in Article III of the Workmen's Compensation Act of 1915." Of course this presents an erroneous view of the law: Messinger v. Lehigh Valley R. R. Co., 261 Pa. 336, 337.

The appeal to the compensation board was on two grounds, (1) that the referee erred in the above-quoted conclusion of law, and (2) that he erred in failing to find as a matter of fact that claimant's husband was engaged in interstate commerce at the time of the accident; but the board did not properly pass upon either of these assignments. Instead of so doing, it contented itself with a meager review of the testimony, and the conclusion that the referee had not erred in failing to find "claimant's decedent was engaged in interstate commerce." The board should have held that its referee's ruling as to the immateriality of the interstate commerce feature of the case was error, and either found its own facts, upon a hearing de novo, or sent the record back to the referee with directions to state all the circumstances attending the accident essential to an understanding of the issues involved, with an ultimate finding, based thereon, as to whether or not injury in the course of interstate employment was shown thereby: Flucker v. Carnegie Steel Co., 263 Pa. 113.

When the case came to the common pleas the record was treated, by mutual mistake of both court and coun-

sel, as though the evidence was up for review, when, as matter of law, the findings and conclusions only were before that tribunal: McCauley v. Imperial Woolen Co., 261 Pa. 312, 320, 321. Since there were no findings, either subordinate or ultimate, upon the controlling point discussed in the opinion of the court below, namely, whether the employer and employee were engaged in interstate commerce at the time of the accident, the record should have been remanded to the compensation board (Leary v. McIlvain, 263 Pa. 499), with directions to see that such findings were made and properly stated upon the record: Gurski v. Susquehanna Coal Co., 262 Pa. 1.

In Messinger v. Lehigh Valley R. R. Co., supra, the referee stated an ultimate finding that, at the time of the accident, the "employer and employee were then engaged in interstate commerce"; this "mixed finding of fact and law" (Mooney v. Lehigh Valley R. R. Co., 261 Pa. 339, 340), from some aspects a pure matter of fact (and so treated in Hancock v. P. & R. Ry. Co., 264 Pa. 220), was adopted by the compensation board, and the latter's decision was affirmed by the common pleas. On appeal this court, following the McCauley case, supra, refused to consider the testimony, and held that, since there were "no subordinate, or underlying, findings" as to the character of evidence upon which the ultimate finding rested, we could not enter upon an examination of the correctness of the latter, but would have to accept it as conclusive; hence we affirmed.

The Messinger case, however, differs from the one at bar in that the referee there found, as a fact, that the accident had happened in the course of interstate commerce, which finding was approved by the board, whereas here the referee erroneously held it to be immaterial whether or not the accident so happened; and neither he nor the board made any finding whatever upon that issue. The court below, under these circumstances, was not in a position to determine the controlling point in

the case, nor are we. As a consequence, since this is a purely statutory proceeding, in which the relevant acts of assembly contemplate that all findings of fact shall be made by the compensation authorities, the record must be remanded for that purpose; but, so as to minimize the delay thus entailed, we have disposed of this appeal with the utmost expedition, and a like course should be pursued by those fixed with responsibility below. .

The assignments of error are sustained, the judgment is reversed, and the record is sent back to the common pleas with directions that it forthwith remand so much thereof to the Workmen's Compensation Board as was sent up by that body, the latter being ordered to proceed in accordance with law and proper practice, as outlined in this opinion and the relevant authorities herein cited.