## American National Assurance Company of St. Louis, Mo., v. Ricketts.

(Decided May 21, 1929.)

MYERS & HOWARD for appellant.

WARE & WARE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Hal M. Ricketts was a general agent of the American National Assurance Company of St. Louis, Mo., for a term of two years, beginning February 20, 1926. He was to receive compensation at a given rate on premiums collected on renewals of policies. He brought this suit at the end of his term to recover $400.51, the amount he alleged to be due him on renewals. The company by its answer admitted the claim sued on in the petition, and by counterclaim pleaded that by the contract it agreed to pay him a bonus of 5 per cent. where the production of new policies equaled $750,000 during the second calendar year of his employment; that he in fact only obtained such business in the amount of $594,425; that in order to encourage him as its agent to continue as such, it waived the agreement as to bonus in so far as it required him to obtain new business amounting to $750,000 during the second calendar year and paid him the 5 per cent. on the amount of insurance actually written by him, namely, $594,425, amounting to $593.54; that it made this payment relying on the plaintiff's general attitude and demeanor and believing the plaintiff would continue as its agent after the end of the second year; that plaintiff was informed of its intention to pay him this sum in the month of January, 1928, and well understood that it was paid to him upon the assumption that he remain with it as its agent and as an encouragement to him to produce more business for it; that he well knew at the time that he did not contemplate continuing as agent for it, and in fact was negotiating with another company for employment, and did not inform it of his intention to leave its

employment until February 24, 1928, which was after he had received the payment of the $593.54 on February 20, 1928; that by silently acquiescing in defendant's proposal and not informing defendant of his intentions he fraudu- · lently and falsely misrepresented his intention in the matter, to the defendant's damage in the sum of $593.54; that it had repeatedly demanded the money from him and he had refused to pay it. In another paragraph it pleaded that it was a corporation deriving its powers from its articles of incorporation, and that the payment of $593.54 was made without any consideration and was in fact a gift induced by the plaintiff's false representations by his silence as above set out. It prayed that its demand for $593.54 be set off against the plaintiff's claim sued on and prayed judgment for the balance. The court sustained a general demurrer to the answer. The defendant appeals.

The payment of the $593.54 was clearly voluntary. The plaintiff made no representations at all to the company so far as appears. All he did was to accept the money when the defendant sent it to him. It asked for no information and so far as appears had no communication with him, calling upon him to say anything. The well-settled rule as to voluntary payments is thus stated in 30 Cyc. p. 1298: "Except where otherwise provided by statute, a party cannot, by direct action or by way of set-off or counterclaim, recover money voluntarily paid with a full knowledge of all the facts, and without any fraud, duress, or extortion, although no obligation to make such payment existed. This rule is an elementary one and in applying it the courts have held that it makes no difference that the debt paid was that of a third person. So voluntary payments by a corporation cannot be recovered back."

To the same effect is 21 R. C. L. pp. 141-143, secs. 165, 166. A number of cases are collected which fully sustain the above text.

It is earnestly insisted that the officers of the corporation were not authorized to make a gift to the plaintiff of $593.54, and that as he was not entitled to this money under his contract the action of the officers in sending him the check was simply to make him a gift of this amount, which was beyond the powers of the officers. But the relation of principal and agent is one of confidence. The officers of a corporation may transact its business as other business is done. It is important for any corporation to have its agents feel kindly to it and to be in-

terested in its success. This will not be the case if the corporation in dealing with its agents always insists in settling upon the letter of the contract. Where the agent has been diligent the corporation may, in its discretion, pay him the agreed price for what he has done, although he did not do as much as the contract provided. The corporation here only paid the plaintiff the agreed compensation for the amount of additional insurance he had obtained. The officers of a corporation have a discretion in settling with their agents on such terms as they think the interest of the corporation requires. The payment in controversy here, if made by an individual, plainly could not be recovered on the ground that it was a gift, and the court perceives no substantial reason why the same rule should not apply to a large corporation, having many agents in many states, and largely dependent on its agents for the success of its business. The company knew all the facts. It paid the money voluntarily. The real consideration inducing its action was its need to attach the agent to it. It took the chance and cannot complain. Appellant relies on Brinkerhoff Zinc Co. v. Boyd, 192 Mo. 597, 91 S. W. 523; Deutsche Presbyterische Kirche v. Trustees of Presbytery of Elizabeth, 89 N. J. Eq. 242, 104 A. 624; Parrott v. Noel (D. C.) 8 F. (2d) 368; Bassick v. Ætna Explosives Co. (D. C.) 246 F. 974; Ravenswood, etc., R. Co. v. Woodyard, 46 W. Va. 558, 33 S. E. 285; and Danville, etc., R. Co. v. Kase (Pa.) 39 A. 301. But those cases all turned on facts unlike the facts here. The rule there announced is applicable where the officers do not act in good faith or abuse a trust relation, but it has no application to a voluntary payment to an agent made in good faith in the interest of the corporation.

Judgment affirmed.