### 14294.  SOUTHEASTERN EXPRESS COMPANY *v.* EDMONDSON.

1. The Georgia workmen's compensation act (section 57) requires that the award of the Industrial Commission shall be accompanied with a statement of the findings of fact upon which it is made, in order that the losing party may intelligently prepare his appeal and that the cause may thereupon be intelligently reviewed. See section 59.

(*a*) This requirement contemplates a concise but comprehensive statement of the cause and circumstances of the accident as the commission shall find it in truth to have occurred. A repetition of the evidence heard is not a compliance with this requirement, but will not vitiate the findings if otherwise sufficiently stated.

(*b*) Nor is it enough to state merely in the language of the statute that the injury is found to have arisen out of and in the course of the employment.

(*c*) A failure of the commission to state its findings will not necessarily require a rehearing de novo, but the case may be recommitted merely in order that the commission may state its findings from the evidence already heard, according as the reviewing court may direct.

(*d*) If, upon an application for a review under the provisions of section 58, the full commission shall find the facts as they were found by the sole commissioner, it will be sufficient for the statement of the findings of the latter to be adopted by the full commission, without the necessity of a restatement in detail.

(*e*) It cannot be said in the instant case that there is no sufficient statement by the commission of its findings of fact.

(*f*) The facts found support the order and decree.

(*g*) There was sufficient competent evidence to authorize a finding of the ultimate fact that the injury of the employee arose out of and in the course of his employment, and to warrant the Industrial Commission in making the order and decree complained of.

2. After a finding and award by one of the commissioners, the full commission, upon an application for review, is not required to retake the testimony, unless it deems it advisable so to do. Section 58.

(*a*) Conceding (but not deciding) that the exercise of its discretion upon such a matter may in a proper case be the subject of review, there was no abuse of discretion in the refusal of the full commission to rehear the evidence, with that alleged to have been newly discovered, upon the application of the employer, in the case now under consideration.

(*b*) While section 6086 of the Civil Code, relating to newly discovered evidence as a ground for a new trial, is no part of the workmen's compensation law, yet upon an application for review the full commission, in determining whether on account of newly discovered evidence it will rehear the witnesses, may properly be guided by similar considerations to those referred to in this section.

3. There was no error in the action of the judge of the superior court in refusing to sustain the appeal of the employer from an award of compensation to the employee.

DECIDED AUGUST 24, 1923.

Appeal; from Fulton superior court — Judge Ellis. January 11, 1923.

*Sanders McDaniel, Harry L. Greene,* for plaintiff in error.

*Reuben R. & Lowry Arnold, Herman B. Evins,* contra.

BELL, J. 1. This was a proceeding under the Georgia workmen's compensation law (Ga. L. 1920, p. 167; Park's Ann. Code

Supp., vol. 9, § 3154 (a) et seq.). The case was heard by one of the commissioners alone, and upon an application for review his award in favor of the employee was affirmed by the full commission. The case is here upon exceptions to the refusal of the superior court to sustain the employer's appeal. It is complained, among other things, that the award is not accompanied by a sufficient statement by the commission of its findings of fact.

It is provided by section 57 of the act that " The award, together with a statement of the findings of fact and other matters pertinent to the questions at issue, shall be. filed with the record of the proceedings." The statement of the findings of fact and the commission's order take the respective places of the verdict and judgment rendered in an ordinary case. The order must be supported by the findings, and each, as against proper assignments, must be warranted by sufficient competent evidence. The findings of fact made by the commission within its power are, in the absence of fraud, conclusive, but, of course, the commission would have no power to make a finding of fact entirely without evidence. See section 59. A statement of the findings is necessary in order that the losing party may intelligently prepare his appeal and that the cause may thereupon be intelligently reviewed. This requirement contemplates a concise but comprehensive statement of the cause and the circumstances, or controlling facts, of the accident as the commission shall find it in truth to have occurred. Dodge v. Barstow Stove Co., 40 R. I. 191 (100 Atl. 245) ; Gurki v. Susquehanna R. Co., 262 Pa. 1 (104 Atl. 801) ; Flucker v. Carnegie Steel Co., 263 Pa. 113 (106 Atl. 192) ; Miller v. State Industrial Commission, 84 Or. 507 (165 Pac. 576) ; Prouse v. Industrial Commission, 69 Col. 382 (194 Pac. 625) ; Weaver v. Industrial Commission, 69 Col. 540 (194 Pac. 941). It is not enough to state, merely as a conclusion, in the language of the statute, that the injury is found to have arisen out of and in the course of the employment. In re Mathewson, 227 Mass. 470 (2) (116 N. E. 831) ; Prouse v. Industrial Commission, Weaver v. Industrial Commission, supra; Jenczweski . v. Aluminum Co., 190 App. Div. 156 (191 N. Y. Supp. 392).; Gallager v. D. L. & W. R. Co., 72 Pa. Supr. Ct., 124.

It seems, however, that if there is no sufficient statement by the commission of its findings, it is not for that reason required

absolutely that the case shall be remanded for a rehearing de novo, but it may be merely recommitted, in order that the commission may state its findings upon the evidence previously taken. Reilly *v.* Erie Railway Co., 264 Pa. 329 (3) (107 Atl. 736); McCarthy's case, 230 Mass. 429 (3) (119 N. E. 697); Hallett's case, 230 Mass. 262 (119 N. E. 673); Dodge *v.* Barstow Stove Co., Miller *v.* State Industrial Commission, Weaver *v.* Industrial Commission, supra. But even this may not be necessary in a case where the facts as disclosed by the record are undisputed. Prouse *v.* Industrial Commission, supra.

A repetition of the evidence heard is not a compliance with the act, because it is the duty of the commission to weigh the evidence and to declare what it finds to be the truth. Some of the witnesses might make a case demanding compensation, while the evidence of others might demand just the opposite. A mere narrative of conflicting testimony would leave it impossible for a reviewing court to determine whether the truth of the transaction as conceived by the commission would support its decree. Grabowski *v.* Miskell, 97 Conn. 76 (115 Atl. 691); Orsinie *v.* Torrance, 96 Conn. 352 (113 Atl. 924); Thompson *v.* Twiss, 90 Conn. 444 (97 Atl. 328, L. R. A. 1916E, 506).

In what is considered the statement of findings and the award in the instant case is included a narration of the testimony of the various witnesses. The testimony is required to be shown in the transcript, but we do not think that the needless repetition of it in connection with the findings and the award will vitiate either, if the findings are otherwise sufficiently stated.

Measuring now the case before us by the propositions stated above, the most of which are advanced by the plaintiff in error, we can not concur in the view that the record discloses a failure of the commission to comply with the requirement that it accompany its award with a statement of its findings of fact. Notwithstanding what we have said in regard to the essentials of the required statement, it must be remembered that legal precision and nicety in the report should not be insisted upon. Flucker *v.* Carnegie Steel Co., 263 Pa. 113 (106 Atl. 192). See also section 53 of the workmen's compensation act. Independently of matter contained in the report of Commissioner Slate which might have been

omitted, we find in it the following: " This is the case of T. A. Edmondson *v.* Southeastern Express Company, who claims an accidental injury sustained in the course of employment on the 23d day of May, 1922. Both the employer and the employee were under the provisions of the workmen's compensation act. The average weekly wages of T. A. Edmondson were $33; therefore his compensation would be at the rate of $12 per week. No rules or regulations of any kind had been filed by the Southeastern Express Company with the Industrial Commission. In order to clear the record as far as rules are concerned, the testimony shows:

" ' Q. Do you remember of your own knowledge giving particular instructions to Mr. Edmondson with reference to getting on or off trains?' ' A. Don't know that that subject ever came up.' No rules were placed in evidence and no effort was made to show that any rules relating to the safety of employees had ever been brought to the attention of Edmondson. The commissioner desires to state that any rule relating to how the money should be kept and the safety of valuables entrusted to an express messenger are outside any rules that the commission might approve, as our limitations are confined to rules to prevent industrial accidents, and the commission is only empowered to pass upon rules which concern the safety of employees. *The commissioner makes this statement at the beginning of his statement of fact that there might be no misunderstanding as to the rule* [italics ours]. No rules had been filed with the Industrial Commission. None of the evidence shows that any rule relative to safety had been brought to the attention of Edmondson, the claimant; and any rule governing the safety of money and valuables would not be approved by the commission, as the commission would regard these rules as outside the limitations of the act, as rules governing the safety of money in no way tend to prevent industrial accidents.

" T. A. Edmondson had been employed as an express messenger for seventeen years. On the morning of May 23, 1922, he was returning on his run from Jacksonville, Florida, on Southern train No. 10, and that at the said time he was in the employ of the Southeastern Express Company, and that he was at his post of duty in the express-car attached to No. 10. Said Southern train No. 10 was due to arrive in Atlanta at 7:55 a. m. That at 7:50 his train had reached a point where the trains run under the

terminal-station shed, and that, as the train came into Atlanta under the terminal shed, Edmondson, as was his custom on entering a station, had opened the rear side door of the express-car and was standing, as usual, in the doorway of said car as it came under the shed. That as No. 10 pulled under the shed, No. 27, an outbound Southern Railroad train, was pulling out from the station and was passing his train on a set of tracks beside the one on which his train came in; that as the express-car of No. 10, the train upon which he was acting as messenger, came beside the express-car of No. 27, the express messenger on No. 27 spoke to him, and that as train No. 10 was still moving, this train passed a Mr. Vance, and that Mr. Edmondson stooped down and spoke to Mr. Vance and asked him what the express messenger on train No. 27 had said. In stooping down to speak to Mr. Vance and in his desire to get his message, Edmondson leaned forward, and slipped on the iron parts at the bottom of the doorway and fell beneath the train; that Edmondson was holding to the grab-iron in the doorway with his right hand, and as he slipped out of the door of the express-car he caught at anything, and in this way caught the handle of his valise, which he had placed near the doorway preparatory to leaving the train when he arrived at the station: that as Mr. Edmondson slipped and fell from the doorway his back turned to the train; that he continued to hold the grab-iron for a distance of fifty feet or more, using every effort to pull himself to a place of safety, but finally was caught by some of the mechanism under the train and lost his grip on the grab-iron and was knocked under the train, and his injuries resulted. These injuries consisted of an amputation of his leg (right), about seven inches below the knee. His back was twisted and sprained and internal injuries were sustained. Edmondson stated further that even now he suffered with insomnia; that he could not rest at night, and that his digestion was bad. Edmondson has several scars on the left side of the back of his head, as a result of the accident." Immediately succeeding this statement, the commissioner proceeds to set out the evidence of the various witnesses, continuing as follows: " Edmondson testified further that in line of his duty from Jacksonville, Florida, he had taken in valuables and money," etc.

We cannot say that the portion of the report which we have

quoted at length above is not a statement of the commissioner's findings. The record does not demand the conclusion that it is merely a part of his narrative of the evidence. It appears to us to be a statement of his findings, succeeded by a story of the evidence upon which it is based. If the quoted statement may with equal reason be said to be the one or the other, it should be construed, after judgment, to be that which will make the judgment valid.

It is stated elsewhere in the report that "The commissioner finds that the accident arose out of and in the course of the employment," a conclusion which we think is warranted by the facts as found in detail, notwithstanding the contrary is earnestly maintained as one of the contentions of the plaintiff in error. We must hold further, against the employer, that the findings of fact were warranted by the evidence.

It is contended by the employer that the employee Edmondson was injured in leaping from his car in order that he might catch a train that was departing at the time, upon which he expected to go for a visit to his home; that he had left his money and valuables on the safe to be taken in charge by another employee according to an arrangement between the two previously made; that "he had abandoned his run, had left his employment, and was on a mission purely personal to himself at the time of the accident which caused his injury, and that, as a consequence, his accident did not arise out of and in the course of his employment." The evidence of the employee was different, forming an issue and supporting the commission's findings. In this view it is unnecessary to determine whether, if the facts existed as asserted by the employer, the commission could legally have found that the injury arose out of and in the course of the employment, though the writer is of the opinion that it could not in that case have so found.

"An injury arises 'in the course of employment,' within the meaning of the workmen's compensation act, when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto. . . An accident arises 'out of' the employment when it arises because of it, as when the employment is a contributing proximate cause. This and the condition stated above must con-

cur before the act can apply." *New Amsterdam Casualty Co. v. Sumrell,* ante, 682. Taking the theory of the employee, which we must do in view of the finding of the commission upon evidence held to be sufficient, we are of the opinion that the case falls easily within the rule above quoted.

Upon the application for a review, the full commission appears to have found the facts to have existed as stated in the findings of the sole commissioner, the adoption of which by the full commission was a sufficient statement of the findings of the latter.

2. It is contended further by the employer that the full commission should have granted a rehearing of the witnesses and should not have contended itself with merely reviewing the evidence as reported at the original hearing. It is urged that this action was especially erroneous in view of certain newly discovered evidence. Presented with the application for review was an affidavit by one A. L. Burns, who deposed that he was on the outgoing train on the morning of the injury, as an employee of the plaintiff in error; that some of the employees " had told him that Edmondson was going down to his (Edmondson's) home with deponent that morning on deponent's train; as Edmondson passed by, . . deponent called to him and asked, 'Are you going home?' and to this question Edmondson replied: 'Yes.' " There was presented also the affidavit of G. W. Hudson, a colored employee, who was at the time on the car with Burns, and who deposed to substantially the same facts.

It is contended that this evidence is in direct conflict with the version of the cause of the injury as given by Edmondson, by which the plaintiff in error was wholly surprised upon the trial. The affidavits containing the alleged newly discovered evidence are accompanied by affidavits from one of the attorneys for the plaintiff in error and certain of its officers, tending to show that they did not know that Edmondson would testify as he did concerning the cause of his injury, until his testimony was given upon the hearing, and that they did not know until thereafter of the facts stated in the affidavits of Burns and Hudson; nor could they have discovered the same previously by ordinary diligence. The commission ruled that " in no case would the commission hear the witnesses and the parties at issue and admit new evidence unless the appellant should comply with the legal requirements of sec-

tion 6086 of Park's Code of Georgia with reference to motions for new trials;" and further that "it is the opinion of the commission that, just as soon in the hearing as it developed additional evidence might tend to clarify the situation, a request for a continuance should have been made. There was no such request made, and the case was concluded in regular order." It is objected by the plaintiff in error that the commission denied its application to rehear the witnesses without exercising the discretion vested in it by section 58 of the compensation act, and exceeded its powers in holding that the plaintiff in error should be required to comply with section 6086 of the code before a de novo hearing would be granted. After a finding and award by one of the commissioners, the full commission, upon an application for review, is not required to retake the testimony, unless it deems it advisable so to do. We cannot say that the commission failed to exercise a discretion upon the application as presented. While it is true that section 6086 of the Civil Code, relating to newly discovered evidence as a ground for a new trial, is no part of the workmen's compensation law, the full commission, in determining whether upon review it will rehear the witnesses on account of alleged newly discovered evidence, may properly be guided by similar considerations to those referred to in this section. See, in this connection, § 53 of the compensation act. We presume that in no case would the commission be reversed for *granting* the application to retake the testimony, including a hearing of newly discovered evidence. Conceding (but not deciding) that the exercise of its discretion in refusing the application may be reviewed in a proper case, there was certainly no abuse of discretion in the case now before us.

The employer introduced a number of witnesses to establish its theory of the cause of the injury. The evidence of Burns and Hudson would have been cumulative and impeaching only. One of the witnesses for the employer was W. L. Davis, who testified to admissions made by Edmondson subsequently to his injury and considerably before the trial. In corroboration of the contentions of the employer, Davis testified, among other things, that Edmondson " said the other messenger was hollering at him and he didn't know what he said." Presumably the employer knew what Davis would testify, before he was offered as a witness. Certainly there

is no claim here of surprise. The employer, therefore, was put upon notice before the trial that Burns had seen and spoken to Edmondson immediately before or at the time of the accident. The slightest diligence in following up the information accessible through Davis, " that the other messenger [A. L. Burns] was hollering at " Edmondson, would have promptly revealed the facts ultimately presented as newly discovered evidence. Burns' whereabouts before and at the time of the trial ought to have been known by the employer, as it is shown by his affidavit that he had remained continuously in the employer's service.

We are clear that the commission did not err, under the circumstances, in declining to retake the testimony, nor in affirming the findings and award of the sole commissioner.

3. It follows from the above that the action of the superior court in refusing the appeal should be affirmed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*