17413.  AMERICAN MUTUAL LIABILITY INSURANCE
CO. *el al. v.* HARDY, for use, etc.

1. It can not be said that the industrial commission failed to make any findings of fact in this case, or that the facts found do not support the award of compensation.
2. There was sufficient evidence to authorize the conclusion that the injury

Workmen's Compensation Acts,—C. J. p. 115, n. 37; p. 122, n. 40; p. 124, n. 61.

and death of the employee arose out of and in the course of his employment.

3. Rule 26 of the industrial commission, laying down the conditions upon which the full commission will hear evidence on review, is to be enforced or relaxed in the discretion of the commission, without interference by the courts. For no reason urged was the award of compensation illegal. The superior court did not err in denying the appeal.

DECIDED FEBRUARY 26, 1927.

Appeal; from Fulton superior court—Judge Humphries. April 9, 1926.

*McDaniel & Neely, Harry L. Greene,* for plaintiffs in error.
*Shackelford & Shackelford,* contra.

BELL, J. This case is here upon exceptions to a judgment of the superior court of Fulton county denying an appeal from an award of compensation to the dependents of Harry Hardy, a 17-year-old boy, who, for about five weeks prior to his death, had been employed by Atlanta Woolen Mills as a weaver, on the third floor of his employer's factory. On April 20, 1925, at about (either a few minutes before or just after) the end of the lunch hour, he was discovered pinned between the elevator and the fourth floor (or the overhead ceiling of the next room below) of the four-story building, with his stomach or chest against the edge of the elevator floor, his face downward, and with the remainder of his body hanging outside the elevator and over the shaft. There was no eyewitness to the accident, and the decedent made no statement before dying, as to how he happened to be on the elevator or thus to get caught in it. There was a regular elevator operator, but there was evidence that other employees would on occasion run the elevator themselves when the regular operator was absent, if they were in need of material for their work, but all were expressly warned never to use the elevator under any other circumstances. The elevator was a freight elevator, not intended for passenger service, although it was shown in the evidence that employees would sometimes use it, in the absence of the regular operator, merely to avoid climbing the stairs. The supply room was on the second floor, and from that place only did the decedent procure materials needed in his work on the third floor. The second floor was level with the ground in the front of the building, while the first floor was level with the ground in the rear. When work was suspended for the lunch hour the elevator was left at the second floor. No one accounts for it from that time until it was discovered in the station-

ary position just below the fourth floor with the decedent hanging from it, injured. The decedent had never been known to use the elevator, or to attempt to do so, by himself. There is no evidence that he even understood how to operate it. It seems that he was not using it at this time for the purpose of conveying materials. There was no material on it. The elevator was situated some fifteen or more feet from the stairway, and the entrance thereto from each floor was through a gate which was kept closed except when opened to admit freight or passengers. So far as appears, it would have been more convenient and more expeditious for the decedent to have gone up the one flight of stairs from the second floor to the third floor than to have undertaken to go up on the elevator. Five minutes before the close of the lunch hour a whistle was blown as a notice that work time was near. Then, at the expiration of that period, a like signal was blown at which all employees were supposed to begin work. There was some evidence to the effect that the decedent was a little late in returning to his work, and had not entered the building at the second whistle, but was "hurrying to get there."

On the original hearing before one commissioner, compensation was denied. Thereafter the claimant, having obtained a review before the full commission, asked to submit additional evidence. This request was granted, though over the objection of the employer and the insurance carrier. After thus hearing additional testimony and considering it with that which had previously been taken by the sole commissioner, the full commission made the following award: "There is some conflict in the evidence as to the time that the deceased returned to the premises of the employer to begin his work on the afternoon of the day in question. Although there was a rule against the employees using the elevator unless the elevator man was running it, and then only when getting materials for work, this rule was not enforced. There is evidence that employees ran the elevator themselves when for some reason the regular operator was not at his post. The deceased was not acting without the scope of his employment in using the elevator. He met his death by being crushed between the elevator and the top floor of the building. In the light of all of the evidence the deceased was where he might reasonably be supposed to be. The natural inference is that the accident arose out of and

in the course of his employment, and the commission so finds."
In the appeal to the superior court the only grounds of attack on
the award which need be stated were: the facts found by the
industrial commission do not support the order or decree of com-
pensation; there is not sufficient competent evidence in the record
to warrant the making of the award or decree complained of; the
order or decree of the commission granting compensation is con-
trary to law, for various reasons alleged, having relation to the
character and sufficiency of the evidence, and because the commis-
sion erred in permitting additional evidence to be introduced in
violation of rule 26.

Counsel for the plaintiff in error, in their brief, say that this
court should reverse the judgment of the court below upon the
following grounds: (1) Because there has been *no finding* of the
facts by the commission, or because the facts found do not support
the award. (2) Because the inferences which are to be made the
basis of the award of the commission are not properly founded
upon proven facts. (3) Because the commission erred in admit-
ting the additional evidence in the hearing before the full com-
mission, contrary to rule 26.

It is true, we held in *Southeastern Express Co.* v. *Edmondson,*
30 *Ga. App.* 697 (119 S. E. 39), that the commission should make
a statement of its findings and file the same with the record. We
said also in that case that "it is not enough to state, merely as a
conclusion, in the language of the statute, that the injury is found
to have arisen out of and in the course of the employment." This
was not to hold, however, that it is improper for the commission to
give its conclusion in the language of the statute, where the find-
ings of fact as stated are sufficient to justify such conclusion.
What we meant in that case was that a mere statement that the
commission finds that the injury arose out of and in the course of
the employment is not such a finding of fact as would justify an
award, when it stands unsupported by any other findings of fact
to justify it as a conclusion. We think this is the rule to be de-
duced from the authorities cited in that case.    We can not
sustain the contention that the commission made *no* finding of
fact, or that the facts found do not support the order or decree
awarding compensation.

Nor can we concur in the proposition that the inferences which

are made the basis of the award are not properly founded upon proved facts, that is, that there is not sufficient competent evidence in the record to warrant the commission in making the award or decree complained of. The commission was authorized to find that the decedent was late in returning to his work, and, being in a hurry, sought to ride from one floor to another, in order to reach the room where he was employed, and was in some way injured as a result of his using the elevator for such purpose. It is quite true that it seems, from the evidence, that he could have gone up the stairway more conveniently and also more expeditiously, but the fact that he might possibly have made a bad calculation on this point does not necessarily rebut the other inference. The decedent's body was hanging from the elevator at the ceiling of the room in which he worked. The rule against the use of the elevator by employees for the purpose stated was not necessarily one having reference to the scope of the employment, to the extent of excluding the master and servant relation; and, there being nothing to show that it had been approved by the industrial commission, its violation would not bar compensation. The case is a close one upon its facts, but we can not say, as a matter of law, that the commission was not warranted in disposing of the case upon the hypothesis referred to, nor therefore that they acted without evidence in concluding that the injury and death arose out of and in the course of the employment. *U. S. Fidelity & Guaranty Co.* v. *Hall,* 34 *Ga. App.* 307 (2) (129 S. E. 305); *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75); *New Amsterdam Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682 (118 S. E. 786).

Rule 26 of the industrial commission follows section 6086 of the Civil Code (1910), relating to newly discovered evidence as a ground for a new trial. In *Southeastern Express Co.* v. *Edmondson,* supra, this court assumed that the discretion of the full commission in admitting or refusing to admit additional evidence, or to rehear the evidence, might in a proper case be reviewed. All that we then held upon the subject was that there was no abuse of the discretion in the *refusal* to hear evidence in that case. We now hold there was no abuse of discretion in the present case in *hearing* additional evidence. In other words, the commission's

rule 26 will be enforced or relaxed within the discretion of the commission, without interference by the courts.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*