18780.   METROPOLITAN CASUALTY INSURANCE COM-
PANY OF NEW YORK *et al. v.* DALLAS.

DECIDED DECEMBER 13, 1928.

*Bryan & Middlebrooks,* for plaintiffs in error.
*Ben H. Hill, Hooper Alexander,* contra.

JENKINS, P. J. (After stating the foregoing facts.) 1. By section 57 of the workmen's compensation act (Ga. L. 1920, p. 197), it is required that an award of the industrial commission be accompanied by a statement of the findings of fact upon which the award

is made. This requirement contemplates a concise but comprehensive statement of the cause and circumstances of the accident as the commission shall find it to have occurred; and it is not enough to state merely in the language of the statute that the injury is or is not found to have arisen out of and in the course of employment. *Southeastern Express Co.* v. *Edmondson*, 30 *Ga. App.* 697 (119 S. E. 39), explained in *American Mutual Liability Co.* v. *Hardy*, 36 *Ga. App.* 487 (137 S. E. 13). In other words, it is contemplated by section 57 of the act that the commission shall adjudicate and file a statement of the facts supporting the legal conclusions arrived at. In the instant case the statement by the commission of its findings of fact shows that the deceased was an office helper, employed as a janitor, and that "his duties consisted of working around the office, running errands, etc." The commission further found, as a matter of fact, that the ordinary duties of his employment did not embrace his act in taking hold of a "live" wire which had fallen on the premises of the employer, outside the building. Its findings on questions of facts are conclusive. *Ocean Accident &c. Corporation* v. *Council*, 35 *Ga. App.* 632 (2) (134 S. E. 331).

2. While compensation is ordinarily not recoverable unless the injury arises out of and in the course of employment, it is the general rule in this country, established by the great weight of authority, that an employee does not, in contemplation of law, go outside his employment if, when confronted with a sudden emergency, he steps beyond his regularly designated duties in an attempt to save himself from injury, to rescue another employee from danger, or to save his employer's property. 6 A. L. R. 1247, and cases there cited; Baum v. Industrial Commission, 288 Ill. 516 (123 N. E. 625, 6 A. L. R. 1242). In the instant case, however, the commission has found as a matter of fact that the deceased, in catching hold of a live, smoking, and disconnected wire, lying out in the yard, in spite of the repeated warnings of a fellow employee, did not act in any such emergency, so as to bring himself within the scope and operation of such rule, but in effect found that his act amounted to wilful and intentional misconduct.

3. The findings of the commission being in effect and intent that the injury did not arise out of and in the course of the decedent's employment, nor by virtue of a bona fide act of the decedent in stepping out of the bounds of his usual course of employment in

order to serve the interests of his master when confronted by a sudden emergency, its findings upon these questions became conclusive, and the judge of the superior court erred in setting aside the findings as entered by the commission and awarding compensation. This is true without reference to the other disputed issue of fact, upon which the commission made no finding, as to whether the claimant wife was living in a state of voluntary separation from the husband at the time of his death.

*Judgment reversed. Stephens and Bell, JJ., concur.*