33553. BITUMINOUS CASUALTY CORPORATION *et al. v.* CHAMBERS.

DECIDED JULY 13, 1951.

*T. Elton Drake, Lokey & Bowden, Henry L. Bowden, John M. Williams,* for plaintiffs in error.

*Ingram & Tull,* contra.

FELTON, J. The principal complaint is that the facts found by the director do not support the award. Instead of making findings of fact the director in almost every instance merely found that certain witnesses testified to various facts and did not find specific facts from such testimony. In such a situation the employer and insurance carrier cannot ascertain whether findings of fact are or are not supported by evidence. Where there are no findings of fact the finding of ultimate facts is not

warranted unless possibly when all the evidence demands certain findings. See *Southeastern Express Co.* v. *Edmondson*, 30 *Ga. App.* 697 (119 S. E. 39), where the court held that there were actually findings of fact made, which is not true in this case. See also *Metropolitan Casualty Co.* v. *Dallas*, 39 *Ga. App.* 38 (146 S. E. 37). There were at least two important questions to be decided in this case, (1) whether the disease was contracted in the course of employment by the employer and (2) whether the claimant wilfully refused to wear a safety mask. There are no findings of specific facts from the testimony that the employee contracted the disease while in the employ of the employer. The award is deficient also because the director interpreted the testimony of physicians as meaning that the disease was contracted during employment by the employer when such testimony does not permit of such interpretation. The director also interpreted the findings of the medical board, to whom the case was referred, as finding that the disease was contracted while the employee was employed by the employer when as a matter of fact the medical board did not undertake to make any such finding. All it did was to find that the employee had silicosis and what was the extent of his disability. The award was in this respect deficient in that it made no authorized findings of fact and also made findings that were not authorized. The question of the statute of limitations was not expressly passed on apparently for the reason that the question was impliedly waived by a stipulation that only certain other issues were involved in the hearings. Our conclusion is that there were not sufficient authorized findings of fact to authorize the award. The judgment affirming the award is reversed with direction that the case be remanded to the State Board of Workmen's Compensation with direction that definite findings of fact be made as to each question presented in accordance with Code § 114-707.

*Judgment reversed with direction. Sutton, C. J., concurs. Worrill, J., concurs in the judgment.*