36348. ATLANTA TRANSIT SYSTEM, INC. *v.* HARCOURT.

QUILLIAN, J. The Workmen's Compensation Act requires that an award of the State Board of Workmen's Compensation shall be accompanied by a statement of the board's findings of fact. The purpose of this requirement is to enable the losing party to intelligently prepare an appeal and to enable the court to intelligently review such appeal. To fulfill this requirement the findings of fact must consist of a concise but comprehensive statement of the cause and circumstances of the accident as found to be true by the State Board of Workmen's Compensation. A mere narrative of the testimony of the witnesses is not a compliance with the act because it is the duty of the State Board of Workmen's Compensation to weigh the evidence and decide what are the true facts. *Southeastern Express Co.* v. *Edmondson,* 30 *Ga. App.* 697 (1) (119 S. E. 39).

In this case the full board adopted the deputy director's findings of fact. The only actual findings of fact of the deputy director were: "After thorough consideration of all the evidence in this case, I find as a matter of fact that claimant has failed to carry the burden by competent evidence to show that she had an accident and injury as she alleges on October 13, 1954, which resulted in any compensable disability. That the strong probability of her trouble being due to previous injuries impresses me as being the cause of her headaches and possibly other contributing causes and her claim for compensation must be denied."

The above quoted findings of fact do not constitute a compliance with Code § 114-707, and the trial judge did not err in re-committing the award to the State Board of Workmen's Compensation for a hearing de novo. *Southeastern Express Co.* v. *Edmondson,* supra, (1c); *Ideal Mutual Ins. Co.* v. *Ray,* 92 *Ga. App.* 273 (88 S. E. 2d 428).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

DECIDED OCTOBER 23, 1956.

*John M. Williams,* for plaintiff in error.
*Guy Parker,* contra.