37187. FIREMAN'S FUND INDEMNITY COMPANY *et al.* *v.* PEEPLES.

CARLISLE, Judge. "An award of compensation cannot be lawfully based on mere findings as to what the witnesses testified in the absence of other specific findings of fact which would otherwise support an award." *Bituminous Casualty Corp.* v. *Chambers,* 84 *Ga. App.* 295 (66 S. E. 2d 196). Accordingly, where the single director, whose findings and award were adopted by the full board, instead of making findings of fact, in almost every instance, merely found that certain witnesses testified to various facts or that a witness admitted certain facts, and that there was evidence in the record as to certain facts, or that the evidence shows certain facts, and where the findings of fact utterly fail to contain any affirmative finding that the claimant's eye was injured when a specific substance got into his eye, but where the director merely found, "I know not what blinded this man, but I find as a matter of fact that it had its beginning in this accident and injury that he sustained on June 22, 1956, while in the due course of his employment with Chemical Linings, Inc., and which resulted in the total loss of the left eye," this ultimate finding of fact was not supported by the other findings of fact, and the judge of the superior court erred in failing to sustain the appeal of the insurance carrier on the ground, among others, that the facts found did not support the award, and in failing to remand the case to the full board in order that it might make proper findings of fact based on the evidence.

*Judgment reversed with direction. Gardner, P. J., and Townsend, J., concur.*

DECIDED JULY 1, 1958—REHEARING DENIED JULY 15, 1958.

*Smith, Field, Doremus & Ringel, Richard D. Carr, Charles L. Drew,* for plaintiffs in error.

*V. E. Mitchell, A. A. Nathan,* contra.