## 39147.   HODGES v. FIDELITY & CASUALTY
## COMPANY *et al.*

FRANKUM, Judge.   In workmen's compensation cases, it is a requirement of law that the award of the director, deputy director, or board be accompanied by a statement of the findings of fact from the evidence in the case. *Code* § 114-707. "Where there are no findings of fact the finding of ultimate facts is not warranted unless possibly when all the evidence demands certain findings." *Bituminous Cas. Corp. v. Chambers,* 84 Ga. App. 295 (66 SE2d 196). "This requirment contemplates a concise but comprehensive statement of the cause and circumstances of the accident as the commission shall find it to have occurred. . . it is contemplated by section 57 of the act that the commission shall adjudicate and file a statement of the facts supporting the legal conclusions arrived at." *Metropolitan Cas. Ins. Co. v. Dallas,* 39 Ga. App. 38, 40 (146 SE 37). "What we meant in that case [*Southeastern Exp. Co. v. Edmondson,* 30 Ga. App. 697, 119 SE 39] was that a mere statement that the commission finds that the injury arose out of and in the course of the employment is not such a finding of fact as would justify an award, when it stands unsupported by any other findings of fact to justify it as a conclusion." *American Mutual Liability Ins. Co. v. Hardy,* 36 Ga. App. 487, 490 (137 SE 113).

One of the complaints of the claimant is that the deputy director did not state the facts upon which the award was based.

The deputy director hearing this claim for compensation, by the widow of the deceased employee, has failed to comply with these requirements of law.   The issues on the trial of the case were whether the automobile accident in which the employee was killed arose out of and in the course of his employment, and, if so, whether his intoxication was the cause of the accident so as to bar the claimant from compensation resulting from the death of the employee.   There is no finding, even by way of conclusion, as to whether the accident arose out of and in the course of the employment.   On the issue of intoxication and the corollary issue of whether there was a sufficient foundation laid for the introduction of evidence of alcohol found in a blood sample allegedly taken from the employee after his death, the award states only the

following: "I find from the preponderance of the evidence that the claimant was intoxicated and that such intoxication was the proximate cause of the accident which was the cause of his death . . . I find that the sample of blood was adequately followed after being taken from the body of the deceased to the ultimate test. I further find that the sample was lawfully taken." No evidence is stated upon which these legal conclusions were based. Under the foregoing authorities, the award is deficient in that it fails to include a statement of the facts supporting the legal conclusions reached.

The judge of the superior court erred on appeal in failing to reverse and remand the case to the Board in order that a proper award be entered in the case.

*Judgment reversed with direction that the case be recommitted to the State Board of Workmen's Compensation in order that the Board may state its findings of fact from the evidence in the case. Nichols, P. J., and Jordan, J., concur.*

DECIDED FEBRUARY 7, 1962.

*L. M. Wyatt,* for plaintiff in error.
*H. B. Harcourt,* contra.