### 40278. FIDELITY & CASUALTY COMPANY OF NEW YORK et al. v. LEDFORD.

HALL, Judge. This is an appeal from a judgment of the superior court affirming an award of the State Board of Workmen's Compensation in favor of the claimant. The claim was based on a change in condition following the claimant's return to work after receiving compensation under an agreement approved by the board; it stated that the claimant contended that he was not able to return to work when he did and had been unable to work since that time. There was evidence that late in February the claimant fell from a scaffold and injured his head, neck and right wrist; he complained at that time of his neck and wrist, and X-rays of these areas were taken immediately and were normal. Three days later the claimant complained of headaches and dizziness and was hospitalized for five days and dismissed with a diagnosis of cerebral concussion, the suspected diagnosis of subdural hematoma not having been established. When seen by the physician on March 24, 1961, the claimant had no complaints and the physician told him he was able to return to work. There was evidence that the claimant then worked from April 9, 1961, to April 26, 1961, and from July 1, 1961, to July 6, 1961. He testified that he became unable to climb and get about on the house on which he last worked, and had back pain so bad that he had to quit; that he had no further accident while he was working but "the longer I worked the worse my injury come on me"; that since quitting he had been unable to work and continued to have back pain and difficulty in walking; and that he had never had any trouble with his back before this fall. The physician testified that the claimant consulted him three times in October 1961 and again on March 23, 1962, at which time claimant was complaining of weakness and pain in his back and legs. *Held:*

The hearing director's findings upon which the award was based include a statement that the testimony of a physician shows that the claimant was seen by him on March 24, 1961 (prior to claimant's return to work) with complaints of weakness and pain in his back and legs.

An award of compensation cannot be based on findings which are not authorized by the testimony. *Bituminous Cas. Corp.*

*v. Chambers,* 84 Ga. App. 295, 296 (66 SE2d 196); *Fireman's Fund Indem. Co. v. Peeples,* 97 Ga. App. 896 (104 SE2d 664). The evidence concerning whether the claimant's back complaints did or did not result from his accidental injury is very meager. We cannot divine whether the board would have awarded or denied compensation if it had not misconstrued the testimony. Accordingly, the case should be remanded with instructions that the board make findings of fact consistent with the evidence and enter a new award based thereon or upon such further evidence as it sees fit to take. *Code* § 114-708.

The judgment is reversed with instructions that the superior court remand the case to the board for further proceedings in accordance with this opinion.

*Judgment reversed with direction. Bell, P. J., and Pannell, J., concur.*

DECIDED SEPTEMBER 18, 1963.

*Divine & Busbee, George D. Busbee, Arthur L. Falkenstrom,* for plaintiffs in error.

*Farkas, Landau & Davis, Leonard Farkas, II,* contra.