## 40383. STATE HIGHWAY DEPARTMENT v. MURPHY.

PANNELL, Judge. The Georgia Workmen's Compensation Act (*Code* § 114-707) requires that the award of the Board of Workmen's Compensation shall be accompanied with a statement of findings of fact upon which it is made in order that the losing party may intelligently prepare his appeal and that the cause may thereupon be intelligently reviewed. To fulfill this requirement, the findings of fact must consist of a concise but comprehensive statement of the cause and circumstances of the accident as found to be true by the Board of Workmen's Compensation. A mere narrative of the testimony of the witnesses is not a compliance with the Act. A finding of fact that the death of the claimant "did not arise out of or within the scope of his employment" is not such a finding of fact as would justify an award, when it stands unsupported by any other findings of fact to justify it as a conclusion. *Atlanta Transit System, Inc. v. Harcourt*, 94 Ga. App. 503 (95 SE2d 41); *Southeastern Exp. Co. v. Edmondson*, 30 Ga. App. 697 (1) (119 SE 39); *American Mut. Liab. Ins. Co. v. Hardy*, 36 Ga. App. 487, 490 (137 SE 113).

Upon application of the foregoing principles to the instant case, it follows that the judge of the superior court erred in setting aside the award of the single director, approved by the full board, and entering an award of his own. It is ordered that the case be recommitted to the State Board of Workmen's Compensation in order that the board may state its findings from the evidence already heard. See, in this connection, *Southeastern Exp. Co. v. Edmondson*, 30 Ga. App. 697 (1), supra.

*Judgment reversed with direction. Bell, P. J., and Hall, J., concur.*

DECIDED JANUARY 7, 1964.

*Eugene Cook*, Attorney General, *John S. Harrison*, Assistant Attorney General, *James R. Dollar, Jr.*, for plaintiff in error.
*Howe & Murphy, Harold L. Murphy*, contra.