41115.  DUDLEY v. SEARS, ROEBUCK & COMPANY.

DECIDED FEBRUARY 1, 1965—REHEARING DENIED
FEBRUARY 22, 1965.

*William V. George,* for plaintiff in error.

*Nall, Miller, Cadenhead & Dennis, A. Paul Cadenhead,* contra.

NICHOLS, Presiding Judge.  The findings of the deputy director which were adopted by the full board in the present case consisted of a narrative of the evidence adduced at the hearings and depositions and the following:

*"Findings of Fact.*

"After careful consideration of all the evidence, I find as a matter of fact, that Mrs. Sarah N. Dudley, employ-claimant, alleges that she suffered an accident and injury while working for the defendant in the latter part of July, 1962; that she continued to work for defendant until February of 1963.

"I further find that she had prior disc surgery in 1951, and that she again had disc surgery on October 4, 1963.

"I further find from the testimony of Doctor Swanson that claimant had vulnerable and unstable back because of her

previous pathology, to which was added more recently her ruptured disc, that claimant presented different symptoms in April of 1963, than that presented in September of 1963, when there was an acute change in the picture she presented; that there is no medical way to determine when this condition started, but the disc developed in September of 1963, and she showed no manifestation of an intervertebral disc prior to this date; that the last surgery performed was above the old level of disc surgery performed in 1951.

"I further find that I am unable to conclude that the present' disability of claimant is due to an accident and injury which occurred in July of 1962.

"I further find that claimant has failed to carry the burden of showing that she suffered an accident and injury while working for defendant which occurred in the manner as alleged by claimant.

"I further find that the evidence is inconclusive to show that proper legal notice of an accident and injury was given by claimant to defendant according to law, and in the manner as alleged by claimant.

"I further find that claimant having failed to show a compensable injury within the meaning of the Workmen's Compensation Act, that her claim for compensation benefits must therefore be denied."

"The Workmen's Compensation Act requires that an award of the State Board of Workmen's Compensation shall be accompanied by a statement of the board's findings of fact. The purpose of this requirement is to enable the losing party to intelligently prepare an appeal and to enable the court to intelligently review such appeal. To fulfill this requirement the findings of fact must consist of a concise but comprehensive statement of the cause and circumstances of the accident as found to be true by the State Board of Workmen's Compensation. A mere narrative of the testimony of the witnesses is not a compliance with the Act because it is the duty of the State Board of Workmen's Compensation to weigh the evidence and decide what are the true facts. *Southeastern Express Co. v. Edmondson,* 30 Ga. App. 697 (1) (119 SE 39)." *Atlanta Transit System v. Harcourt,* 94 Ga. App. 503 (1) (95 SE2d 41).

"In workmen's compensation cases, it is a requirement of law that the award of the director, deputy director, or board be accompanied by a statement of the findings of fact from the evidence in the case. *Code* § 114-707. 'Where there are no findings of fact the finding of ultimate facts is not warranted unless possibly when all the evidence demands certain findings.' *Bituminous Cas. Corp. v. Chambers,* 84 Ga. App. 295 (66 SE2d 196). 'This requirement contemplates a concise but comprehensive statement of the cause and circumstances of the accident as the commission shall find it to have occurred . . . it is contemplated by section 57 of the Act that the commission shall adjudicate and file a statement of the facts supporting the legal conclusions arrived at.' *Metropolitan Cas. Ins. Co. v. Dallas,* 39 Ga. App. 38, 40 (146 SE 37). 'What we meant in that case [*Southeastern Express Co. v. Edmondson,* 30 Ga. App. 697, 119 SE 39] was that a mere statement that the commission finds that the injury arose out of and in the course of the employment is not such a finding of fact as would justify an award, when it stands unsupported by any other findings of fact to justify it as a conclusion.' *American Mutual Liability Ins. Co. v. Hardy,* 36 Ga. App. 487, 490 (137 SE 113)." *Hodges v. Fidelity &c. Co.,* 105 Ga. App. 273 (124 SE2d 435).

The ultimate finding that the claimant had disc surgery in 1951, and again on October 4, 1963, was undisputed and possibly could be warranted (see *Bituminous Cas. Corp. v. Chambers,* 84 Ga. App. 295, supra), and the facts based upon the testimony of Dr. Swanson meet the requirement set forth by the Workmen's Compensation Act as shown above, but such findings, standing alone, would not authorize a finding of the ultimate facts necessary to a decision of the claimant's case, to wit: Did she suffer an injury arising out of and in the course of her employment— and did she give notice to her employer sufficient to comply with the Workmen's Compensation Act?

Under the above cited cases the judgment of the superior court affirming the award must be reversed with direction that the case be remanded to the State Board of Workmen's Compensation with direction that definite findings of fact be made as to each question presented in accordance with *Code* § 114-707.

*Judgment reversed with direction. Pannell, J., concurs. Eberhardt, J., concurs specially.*

EBERHARDT, Judge, concurring specially. I must agree that the findings of fact as made by the deputy director are not up to the standard required under *Atlanta Transit System, Inc. v. Harcourt,* 94 Ga. App. 503 (1) (95 SE2d 41) and other decisions dealing with this matter and thus I concur in the judgment of reversal with direction, though my inclination is to affirm because an examination of the evidence in this record discloses that the award denying compensation was overwhelmingly supported, if not demanded. When proper findings of fact are made, a similar award must inevitably follow. Except for an insistence upon the making of proper findings by the deputy director I see nothing to be accomplished by the reversal. See *McDaniel v. Employers Mut. Liab. Ins. Co.,* 104 Ga. App. 340, 341 (121 SE2d 801).