41398.   LEE v. GENERAL ACCIDENT GROUP et al.

198

*Jack K. Bohler,* for plaintiff in error.

*Smith, Ringel, Martin & Lowe, Charles L. Drew,* contra.

BELL, Presiding Judge. ■ The claimant contends that the board failed to make a statement of findings of fact sufficient to support the award, in that the board omitted to make a definite finding upon the question whether the claimant received an injury which aggravated a pre-existing condition so as to constitute a disability within the provisions of the Workmen's Compensation Act.

"The Georgia Workmen's Compensation Act (*Code* § 114-707) requires that an award of the Board of Workmen's Compensation shall be accompanied by a statement of findings of fact upon which it is made in order that the losing party may in-

telligently prepare his appeal and that the cause may thereupon be intelligently reviewed. To fulfill this requirement, the findings of fact must consist of a concise but comprehensive statement of the cause and circumstances of the accident as found to be true by the Board of Workmen's Compensation and similar findings of fact upon any material issue in the case." *Noles v. Aragon Mills,* 110 Ga. App. 374, 375 (138 SE2d 598). See also: *Pacific Employers Ins. Co. v. West,* 213 Ga. 296, 298 (99 SE2d 89); *American Mutual &c. Ins. Co. v. Hardy,* 36 Ga. App. 487, 490 (137 SE 113); *Metropolitan Cas. Ins. Co. v. Dallas,* 39 Ga. App. 38, 39 (1) (146 SE 37); *Bituminous Cas. Corp. v. Chambers,* 84 Ga. App. 295, 296 (66 SE2d 196); *Hodges v. Fidelity & Cas. Co.,* 105 Ga. App. 273 (124 SE2d 435); *Dudley v. Sears, Roebuck & Co.,* 111 Ga. App. 214, 215-216 (141 SE2d 179). The *Noles* and *Chambers* cases, especially, import that the board must state its finding upon every material issue of fact in the case.

According to *Atlanta Transit System, Inc. v. Harcourt,* 94 Ga. App. 503, 504 (95 SE2d 41), a finding is insufficient if it states merely, "Claimant has failed to carry the burden by competent evidence to show that she had an accident and injury . . . which resulted in any compensable disability."

However, "legal precision and nicety in the report should not be insisted upon," and if the report is subject to two constructions, one which would render the award invalid and one which with equal reason would render the award valid, it "should be construed, after judgment, to be that which will make the judgment valid." *Southeastern Exp. Co. v. Edmondson,* 30 Ga. App. 697, 700, 703 (119 SE 39); *Maryland Cas. Corp. v. Mitchell,* 83 Ga. App. 99, 101 (62 SE2d 415).

Moreover, it is not necessary to recommit a case to the board because of its failure to state findings of fact on issues as to which the facts disclosed by the record are undisputed. *Employers Liability Assurance Corp. v. Montgomery,* 45 Ga. App. 634 (2) (165 SE 903); *McDaniel v. Employers Mut. Liability Ins. Co.,* 104 Ga. App. 340, 341 (121 SE2d 801).

Here the only issue of fact upon which the evidence was in dispute was whether the claimant actually received an injury

which disabled him or aggravated a pre-existing infirmity so as to constitute a compensable disability.

In view of the strong term "refutes," used by the board in reference to the testimony of Dr. Robert F. Mabon, we construe the statement of the board in reference to that evidence as a a finding in accord with the evidence and not as a mere narrative of the evidence. See *Edmondson*, supra.

The finding that claimant "had no pathological problem as a result of any injury" is broad enough not only to exclude any condition which might have been caused in the first instance by the alleged injury, but also to exclude any condition that might have been caused by the effect of an injury upon a pre-existing infirmity. The failure of the board to make specific findings of fact on certain other issues does not require that the case be recommitted or remanded to the board, because the findings made eliminated the necessity of considering some of those issues and because as to others the evidence was not in dispute.

■ Claimant also contends that the evidence demanded a finding that the claimant sustained an injury that aggravated a pre-existing infirmity so as to constitute a compensable disability.

The surgery performed on claimant's back by Dr. Mabon was merely exploratory. Dr. Mabon's testimony shows that he found no significant indication of disease or injury. Immediately following the exploratory procedure Dr. Louis G. Bayne performed a spinal fusion on claimant. While Dr. Bayne testified that the type work that claimant performed could have aggravated the condition of claimant's back, his testimony also indicated that the latter surgical procedure was performed, not because of a specific injury and not because of the exploratory surgery, but because of claimant's "chronic history of back complaints" and because it happened to be particularly feasible to perform it in connection with the exploratory surgery.

The evidence disclosed by the record supported the theory that the claimant had received an injury arising out of and in the course of his employment which disabled him or aggravated a pre-existing infirmity so as to constitute a compensable disability. It also supported the theory that the claimant's disabil-

ity was not caused by any injury, but was due merely to exploratory surgery for a pre-existing or constitutional infirmity without connection with his employment.

"In cases of this kind the burden of proof is on the claimant to establish the fact that he has sustained an accidental injury such as is contemplated by the Workmen's Compensation Act. The Industrial Board found as a fact that this burden had not been carried by the claimant. This finding is binding on all courts when there is evidence in the record to support it." *American Mut. Liability Ins. Co. v. Harden,* 64 Ga. App. 593, 595 (13 SE2d 685); *Griffeth v. County of Barrow,* 92 Ga. App. 698, 705 (89 SE2d 895).

The findings of fact made by the board and the award based on the board's findings were authorized by the evidence, and the trial court did not err in affirming the board's award denying claimant compensation.

*Judgment affirmed. Frankum and Hall, JJ., concur.*