45803.   FULTON COTTON MILLS v. LASHLEY.

Argued January 7, 1971—Decided March 9, 1971—
Rehearing denied March 30, 1971—Cert. applied for.

530

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Malcolm H. Ringel, Williston C. White,* for appellant.

*William I. Aynes,* for appellee.

QUILLIAN, Judge. ■ The award stated that the original Agreement Form 16A was in error in that the claimant should have received $48 per week for ten weeks rather than the $40 stated in the approved agreement. The award then directed the employer to pay the claimant in a lump sum the $8 difference for each of the ten weeks. This was a modifying of the original approved agreement. As was stated in *St. Paul Fire Ins. Co. v. Bridges,* 106 Ga. App. 621, 622 (127 SE2d 699): "The board is an administrative body, having no jurisdiction beyond that granted to it by the provisions of the Workmen's Compensation Act. It has heretofore been held that the jurisdiction granted under the Act does not extend to the board power to vacate or set aside such an order, or to modify it in the absence of a 'change of condition.'" This portion of the award was erroneous.

■ The employer contends that because the Deputy Director stated that the purpose of the hearing was to determine the extent of disability to a specific member, the board was without authority to enter an award of a change in condition. With this contention we can not agree. While the writer feels that the board should be limited to the purpose for which the hearing was called, the provisions of the Workmen's Compensation Act required a different holding. *Code Ann.* § 114-709 (Ga. L. 1937, pp. 230, 233; 1937, pp. 528, 534; 1943, pp. 167-169; 1968, pp. 3, 7) provides in part: "Upon their own motion before judicial determination or

upon the application of any party in interest on the ground of a change in condition, the State Board of Workmen's Compensation may, not later than two years from the date that the board is notified that the final payment of a claim has been made pursuant to a board order, review any award or any settlement made between the parties and approved by the board and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon subject to the maximum or minimum provided in this Title, and shall immediately send to the parties a copy of the new award."

Therefore, the board having authority on its own motion to enter an award stating that a change in condition has taken place, it cannot be said that the deputy director's award exceeded the board's powers.

■ The order of the superior court was erroneous. The order affirmed in part and vacated in part the award of the Workmen's Compensation Board. Upon review of an award, the superior court only has the authority to affirm, reverse or in some cases remand to the board. *American Cas. Co. v. Harris,* 96 Ga. App. 720, 723 (101 SE2d 618).

This case is reversed with direction that the superior court remand the award to the State Board of Workmen's Compensation with direction that an award be entered in conformity with this opinion.

*Judgment reversed with direction. Jordan, P. J., and Evans, J., concur.*