47131. MARYLAND CASUALTY COMPANY et al.
v. JOHNSON.

HALL, Presiding Judge. The employer and insurer appeal from the judgment of the superior court affirming an award of the State Board of Workmen's Compensation.

Following the injury, an agreement was made and approved by the board compensating claimant for a broken arm. Over a year later, the claimant requested a hearing to determine disability. After a hearing, the deputy director entered an award assessing 10% disability to the right arm. Claimant appealed to the full board which set aside the award of the deputy director and found that claimant was totally disabled.

1. Appellants contend that the award of the full board, which is written as a recital of testimony, contains no findings of fact as required by *Code* § 114-707. The award, which contains only a selection from all the testimony, can be construed to be a statement of findings consistent with that testimony, thereby making the award valid. See *Southeastern Express Co. v. Edmondson*, 30 Ga. App. 697 (119 SE 39).

2. Appellants also contend that the board acted without authority in entering this award modifying a duly approved agreement as the hearing was not for review upon a change of condition. While *Code Ann.* § 114-709 authorizes review of an approved agreement only for change of condition, this court has held that the board may, on its own motion, enter an award stating that a change of condition has occurred, regardless of the stated purpose of the hearing. *Fulton Cotton Mills v. Lashley*, 123 Ga. App. 528 (182 SE2d 180).

*Judgment affirmed. Bell, C. J., Eberhardt, P. J., Deen, Quillian, Clark and Stolz, JJ., concur. Evans, J., concurs in the judgment. Pannell, J., dissents.*

ARGUED MAY 3, 1972—DECIDED JUNE 14, 1972.

*Charles L. Drew,* for appellants.

*Peyton S. Hawes, Jr.,* for appellee.

PANNELL, Judge, dissenting. I dissent from Division 1 of the opinion which controls the case. The notice of award recites that certain witnesses testified as to certain facts, then follows what is termed "Findings of Facts": "From all the evidence in the record the majority of the full board finds as a matter of fact that claimant did in fact suffer multiple injuries on March 25, 1969, from an accident which arose out of and in the course of his employment. The majority of the full board further finds that claimant has been totally disabled since the date of the accident and that he is entitled to compensation in the amount of $50 per week since that date." This court has consistently held that a mere recitation of testimony is not findings of fact and that the findings of fact here shown are not sufficient. See *Southeastern Express Co. v. Edmondson,* 30 Ga. App. 697 (1) (119 SE 39); *American Mut. Liab. Ins. Co. v. Hardy,* 36 Ga. App. 487, 490 (137 SE 113); *Metropolitan Cas. Ins. Co. of New York v. Dallas,* 39 Ga. App. 38 (146 SE 37); *Bituminous Cas. Corp. v. Chambers,* 84 Ga. App. 295 (66 SE2d 196); *Atlanta Transit System v. Harcourt,* 94 Ga. App. 503 (95 SE2d 41); *Fireman's Fund Indem. Co. v. Peeples,* 97 Ga. App. 896 (104 SE2d 664); *Hodges v. Fidelity & Cas. Co.,* 105 Ga. App. 273, 274 (124 SE2d 435); *Noles v. Aragon Mills,* 110 Ga. App. 374, 375 (138 SE2d 598); *Dudley v. Sears, Roebuck & Co.,* 111 Ga. App. 214 (141 SE2d 179).

The case of *Southeastern Express Co. v. Edmondson,* 30 Ga. App. 697 (1), in no way supports the statement in the majority opinion that "The award, which contains only a selection from all the testimony, can be construed to be a statement of findings consistent with that testimony, thereby making the award valid." On the contrary, in that case (p. 701), the notice of award contained a recitation of facts then a statement of questions and answers incorporated in that part: "In order to clear the record as far as rules are concerned. . . ." and immediately after quoting

the questions and answers, continued the recitation of fact preceded by nothing in reference to someone testifying. After reciting these facts, the Commissioner set out the testimony of the various witnesses. After setting out the above, the court in the *Southeastern Express Co.* case said (p. 702): "We cannot say that the portion of the report which we have quoted at length above is not a statement of the commissioner's findings. The record does not demand the conclusion that it is merely a part of his narrative of the evidence. It appears to us to be a statement of his findings, succeeded by a story of the evidence upon which it is based. If the quoted statement may with equal reason be said to be the one or the other, it should be construed, after judgment, to be that which will make the judgment valid." There is nothing in the record of the present case that can be so construed. The *Southeastern Express Co.* case, instead of supporting the majority opinion, actually supports my conclusion. I quote from Headnote 1 of that opinion: "1. The Georgia workmen's compensation act (section 57) requires that the award of the Industrial Commission shall be accompanied with a statement of the findings of fact upon which it is made, in order that the losing party may intelligently prepare his appeal and that the cause may thereupon be intelligently reviewed. See section 59. (a) This requirement contemplates a concise but comprehensive statement of the cause and circumstances of the accident as the commission shall find it in truth to have occurred. A repetition of the evidence heard is not a compliance with this requirement, but will not vitiate the findings if otherwise sufficiently stated. (b) Nor is it enough to state merely in the language of the statute that the injury is found to have arisen out of and in the course of the employment. (c) A failure of the commission to state its findings will not necessarily require a rehearing de novo, but the case may be recommitted merely in order that the commission may state its findings from the evidence already heard, according as the reviewing court may direct. (d) If, upon an application for a review under the provisions of section 58, the

full commission shall find the facts as they were found by the sole commissioner, it will be sufficient for the statement of the findings of the latter to be adopted by the full commission, without the necessity of a restatement in detail," and also from the opinion (p. 700) as follows: "A repetition of the evidence heard is not a compliance with the act, because it is the duty of the commission to weigh the evidence and to declare what it finds to be the truth. Some of the witnesses might make a case demanding compensation, while the evidence of others might demand just the opposite. A mere narrative of conflicting testimony would leave it impossible for a reviewing court to determine whether the truth of the transaction as conceived by the commission would support its decree."