### 47975. AMERICAN MOTORISTS INSURANCE COMPANY et al. v. BROWN.

HALL, Presiding Judge. The employee and insurer appeal from the judgment of the superior court affirming an award of death benefits by the State Board of Workmen's Compensation.

The employee reported to work at 12:00 a.m. Within about fifteen minutes he complained of being ill. At 3:00 a.m. he told his supervisor that he had a chest pain which radiated into his arm and that he wanted to be relieved and sent to the hospital. He died in the hospital a day later. He had a medical history of hypertension, diabetes and obesity.

The deputy director found against the widow-claimant in a lengthy and detailed award. He was reversed by the full board in a very brief award which stated as factual findings merely that his job was confining and tiring; that he manifested symptoms of a heart attack shortly after beginning work; that he told his supervisor of these symptoms when he asked to be sent to the hospital; that he had a medical history as stated above; and that "after a full review of all the testimony in light of the facts surrounding the attack the board finds that the deceased's heart attack was precipitated or brought on by the usual  work of his employment . . ."

The appellants contend that by failing to refer to any of the medical testimony and by stating so few factual findings, the board violated Code § 114-707 which requires a "concise but comprehensive statement of

the cause and circumstances of the accident." *Atlanta Transit System, Inc. v. Harcourt,* 94 Ga. App. 503 (95 SE2d 41). While we would agree that the board could have done a much better job of setting out its findings, the essential elements are present. This court, in workmen's compensation cases, does not insist upon legal precision; and where an award is subject to two constructions, it will choose that which makes the award valid. *Gatrell v. Employers Mut. Liability Ins. Co.,* 226 Ga. 688 (177 SE2d 77); *Maryland Cas. Co. v. Johnson,* 126 Ga. App. 468 (191 SE2d 90).

Contrary to the appellants' contention, there was competent medical evidence on causation. Therefore, although the evidence was conflicting, the award was also authorized under the "any evidence" rule as well as Code Ann. § 114-102. *Thomas v. U. S. Cas. Co.,* 218 Ga. 493 (128 SE2d 749).

Finally, the employee's statement to his supervisor of his symptoms and his request for hospitalization was sufficient notice under Code § 114-303. *Crystal Springs Bleachery v. Roach,* 123 Ga. App. 364 (181 SE2d 79).

*Judgment affirmed. Evans and Clark, JJ., concur.*

ARGUED MARCH 6, 1973 — DECIDED APRIL 4, 1973 — REHEARING DENIED APRIL 17, 1973 — ■

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr.,* for appellants.

*Greene & Greene, James E. Greene,* for appellee.