## 53262. KIGHT v. LIBERTY MUTUAL INSURANCE COMPANY et al.

SHULMAN, Judge.

Appellant worked in an office in which, apparently, a certain amount of horseplay was indulged in. Some of this activity took place between appellant and a fellow employee, one Amos Fussell. On May 27, 1975, the manager reprimanded both of these employees because of an incident in which appellant called Fussell a "tar baby." There was some evidence that on July 29, 1975, appellant hit Fussell on the nose with a clipboard. The next morning appellant jabbed his fist into Fussell's face. After this fusillade of minimal violence, Fussell came up behind appellant and pulled his chair out from under him, resulting in some injury to appellant. The administrative law judge and the State Board of Workmen's Compensation denied compensation and the superior court sustained this determination. The appellant

enumerates as error basically that the findings of fact are not sufficient to support the award or the judgment of the trial court. "This court, in workmen's compensation cases, does not insist upon legal precision; and where an award is subject to two constructions, it will choose that which makes the award valid. *Gatrell v. Employers Mut. Liability Ins. Co.,* 226 Ga. 688 (177 SE2d 77); *Maryland Cas. Co. v. Johnson,* 126 Ga. App. 468 (191 SE2d 90)." *American Motorists Ins. Co. v. Brown,* 128 Ga. App. 813, 814 (198 SE2d 348).

"Neither the Superior Court . . . nor this court can substitute its judgment as to issues of fact for that of the State Board of Workmen's Compensation. We are not authorized to do so by statute (Code Ann. § 114-710) and it has been so held countless times. See annotations under Code Ann. § 114-710, catchwords 'conclusiveness of findings.' If there is any evidence in the record to support them, the findings and award of the State Board of Workmen's Compensation must be affirmed." *Continental Cas. Co. v. Weise,* 136 Ga. App. 353, 354 (221 SE2d 461).

In support of his claim, the appellant raised the "horseplay" theory of recovery. This court, in *Bibb Mfg. Co. v. Cowan,* 85 Ga. App. 816, 818 (70 SE2d 386) has said, however, that: " 'The rule is well enough settled that where workmen step aside from their employment and engage in horse-play or practical joking, or so engage while continuing their work, and accidental injury results, and in general where one in sport or mischief does some act resulting in injury to a fellow worker, the injury is not one arising out of the employment within the meaning of compensation acts.' It has been said that 'the employer was not charged with the duty to see to it that none of his employees assaulted any other one of them, either wilfully or sportively.' " The administrative law judge in his conclusions of law which were adopted by the full board and affirmed by the superior court, stated: "Any accident and injury suffered by the claimant, Allen J. Kight, was caused by the wilful act of a third person directed against the claimant for personal reasons. The accident and injury to the claimant, although occurring in the course of his employment, did not arise out of the

claimant's employment." We agree.

*Judgment affirmed. Quillian, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 11, 1977 — DECIDED FEBRUARY 8, 1977 — REHEARING DENIED FEBRUARY 25, 1977 —

*Sumner & Mitchell, Douglas W. Mitchell, III,* for appellant.

*Tillman, Brice, McTier, Coleman & Talley, George T. Talley,* for appellees.