## 40899. NOLES v. ARAGON MILLS et al.

PANNELL, Judge. At issue in the present case before the single director was (1) whether the one-year filing limitation on claims was tolled by reason of fraud of the employer resulting in the failure of the employee to file his claim within one year of an initial injury in 1960; and (2) whether there was a compensable aggravation or re-injury occurring in May, 1961, so that the filing of the claim thereon on October 18, 1961, was within the statute of limitation. The findings of fact and the award of the single director approved and adopted by the full board and approved by the judge of the superior court on appeal were: "Findings of Fact. I find from the evidence adduced at the hearing that the claimant sustained an injury which arose in and out of the course of his employment on June 24, 1960, when he received a puncture-type injury to his left leg. That he was carried immediately to Rockmart-Aragon Hospital, and treated by Dr. Smith. That he was out of work for one week, but lost no compensable time as a result of this injury. That he returned to work and worked until May 19, 1961, at which time the place on his leg broke down, and he had to stop work and go back for additional treatment, and was later operated on and that later a skin graft was performed on his leg. I further find from the testimony that the claimant has had trouble with his leg since he was a small boy. I find from the testimony of Dr. C. M. Smith that the claimant has a disease of the bone which in his opinion was aggravated by the injury he sustained on June 24, 1960. I find that a claim for compensation was filed with the board on October 18, 1961, and that it is the claimant's contention that he was lulled into a sense of security that amounted to a fraud, and would therefore toll the statute of limitations. I find from the evidence, that there was some action on the part of the employer that might have led the

claimant to believe he would receive compensation, but this action was not to such an extent that it would lull him into a sense of security, and therefore, would not amount to a fraud on the part of the employer and would not toll the statute of limitations. I therefore find that the claimant has failed to file a claim within one year as required in Code Section 114-305 and therefore he is not entitled to any compensation. Award. Wherefore, based upon the above and foregoing findings of fact and conclusions of law applicable thereto, compensation is hereby denied." *Held:*

The Georgia Workmen's Compensation Act (*Code* § 114-707) requires that an award of the Board of Workmen's Compensation shall be accompanied by a statement of findings of fact upon which it is made in order that the losing party may intelligently prepare his appeal and that the cause may thereupon be intelligently reviewed. To fulfill this requirement, the findings of fact must consist of a concise but comprehensive statement of the cause and circumstances of the accident as found to be true by the Board of Workmen's Compensation and similar findings of fact upon any material issue in the case. See *Atlanta Transit System v. Harcourt,* 94 Ga. App. 503 (95 SE2d 41); *Southeastern Exp. Co. v. Edmondson,* 30 Ga. App. 697 (1) (119 SE 39); *American Mut. Liab. Ins. Co. v. Hardy,* 36 Ga. App. 487, 490 (137 SE 113). The findings of fact in the present case are insufficient and incomplete, and the award of the director was not authorized by the findings of fact made and the judge of the superior court erred in affirming it on appeal. It is ordered that the case be recommitted to the State Board of Workmen's Compensation in order that proper findings of fact may be made on the issues involved.

*Judgment reversed with direction. Felton, C. J., and Frankum, J., concur.*

DECIDED SEPTEMBER 24, 1964.

*Marson G. Dunaway, Jr.,* for plaintiff in error.
*Henry A. Stewart, Sr.,* contra.