## 41228. GRIER v. TRAVELERS INSURANCE COMPANY et al.

FRANKUM, Judge. 1. Where a bill of exceptions is certified by the successor in office to the judge who presided in the trial of the case, *Code* § 6-906 as amended, prescribes the form for such certificate. This Code section, though prescribing a form, should not be applied so as to defeat its manifest remedial purpose but should be applied so as not to arrive at absurd or unreasonable consequences not contemplated by the legislature. *New Amsterdam Cas. Co. v. Freeland,* 216 Ga. 491, 495 (117 SE2d 538). Upon consideration of the requirements of the aforesaid Code section, it is apparent that it was the intent of the legislature to provide a form of certificate for the signature of a judge who did not preside at the trial of the case, issue any order, judgment or decree therein, and who had no first-hand personal knowledge of the true facts as to what had transpired in the trial of the case. The mere fact that the judge to whom the bill of exceptions is presented did not preside at the trial of the case or issue any judgment, order or decree therein is not conclusive that he did not have first-hand knowledge of what had transpired upon the trial of the case or upon the hearing before the judge who did preside. So, where a judge, who did not preside at the trial or issue any order in the case, certifies a bill of exceptions, not in the form specified by *Code* § 6-906 as amended, but, in the usual and ordinary form specified by *Code* § 6-806, that is, that the bill of exceptions is true, no presumption will be indulged in that such successor judge, having undertaken to certify unqualifiedly to the truth of the bill of exceptions, did not possess first-hand knowledge of that to which he certified. The motion to dismiss the writ of error because of the failure of the successor judge in this case to certify to the bill of exceptions in the form prescribed by *Code* § 6-906 is without merit and is denied, since he did unqualifiedly certify that the bill of exceptions was true.

2. The order appealed from affirmed the award of a majority of the State Board of Workmen's Compensation which reversed the award of a deputy director of that board granting compensation to the claimant. The only finding of fact made by the majority of the board was that the claimant had

failed "to carry the burden of proof required to show that any *present* disability the claimant is suffering was proximately caused by the alleged accident." (Emphasis supplied.) This was wholly insufficient to meet the barest minimum requirement of *Code* § 114-707, as that Code section has been repeatedly construed by the appellate courts of this State. The issues presented to the deputy director and to the full board on appeal in this case involved at least the questions of whether or not the claimant sustained an accident, whether the accident arose out of and in the course of her employment, of whether the claimant gave notice of the alleged accident to the employer within the time required by law, of whether the claimant suffered any disability on account of the accident, and the extent and duration thereof, and if so, the amount and duration of compensation which the claimant was entitled to receive. The mere fact that the claimant was, at the time of the hearing of the appeal by the full board, approximately a year after the alleged accident, suffering no disability "proximately caused by the alleged accident" was not decisive of the other issues which the law charged the board with the responsibility of deciding. It follows that the award in this case did not meet the requirements of *Code* § 114-707 respecting a statement of facts found by the board, and the case should have been remanded by the judge of the superior court to the board with directions that it make appropriate findings of the ultimate facts. *Southeastern Exp. Co. v. Edmondson*, 30 Ga. App. 697 (1) (119 SE 39); *Atlanta Transit System v. Harcourt*, 94 Ga. App. 503 (95 SE2d 41); *Dudley v. Sears, Roebuck & Co.*, 111 Ga. App. 214 (141 SE2d 179).

*Judgment reversed with direction. Bell, P. J., and Hall, J., concur.*

SUBMITTED MARCH 3, 1965—DECIDED JUNE 8, 1965—REHEARING DENIED JULY 20 AND JULY 30, 1965.

*James W. Paris, Paul T. Collier*, for plaintiff in error.
*Greene, Neely, Buckley & DeRieux, Burt DeRieux*, contra.