### 42465. HOUSTON v. KURTZ.

HALL, Judge. Upon a judgment of $204.25 recovered by the plaintiff in the Civil and Criminal Court of Cobb County, the clerk issued a fi. fa. which was levied by the deputy marshal. The defendant filed an affidavit of illegality on the ground that within four days from the rendition of the judgment he had filed an appeal, which was still pending, in the Superior Court of Cobb County, as provided by law, and that

the clerk of the civil and criminal court had failed and refused to transmit the appeal to the superior court as required by law. The trial judge sustained the plaintiff's oral motion to dismiss the defendant's affidavit of illegality and ordered the levying officer to proceed with the sale of the property levied on. The defendant appeals from the judgment dismissing his affidavit of illegality. *Held:*

An Act entitled "An Act to create a court to be known as the 'Civil and Criminal Court of Cobb County' . . . to provide [among other things] for the *pleading and practice, rules of procedure* . . . for said court; to provide for *appeals* and writs of error from said court . . ." (Ga. L. 1964, p. 3211 et seq.) in Section 2, after prescribing the court's jurisdiction, provides that "the *practice and procedure in cases involving three hundred ($300.00) dollars principal or less* shall be and remain the same as that now in force in the justice courts of Georgia, except as otherwise herein provided, and the *practice and procedure in cases involving over three hundred ($300.00) dollars* shall be and remain the same as that now in force in the superior courts of Georgia, except as otherwise herein provided." (Emphasis supplied.) This Act, after prescribing some rules of practice and procedure, provides: "Section 26. *In all cases* the order overruling or refusing the motion for judgment notwithstanding verdict or for a new trial, or any final order or judgment of the trial court, as the case may be, shall be subject to *review by bill of exceptions to the Court of Appeals or the Supreme Court of Georgia* in the same manner judgments and orders of the superior courts are now reviewed, and in such cases the trial judge shall have the same powers and duties respecting supersedeas as the judges of the superior courts now have, except that the bill of exceptions shall be presented to the trial judge within thirty (30) days from the date of the ruling complained of, and filed and docketed with the clerk of the Civil and Criminal Court of Cobb County." (Emphasis supplied.)

The Act deals with *practice and procedure* in the Civil and Criminal court of Cobb County and *appeals* from that court as separate subject matters, Section 26 providing for review by the Court of Appeals or the Supreme Court "in all cases." Since Section 26 of the Act, supra, makes special provision for *appeals in all cases*, Section 2 of that Act, which deals

with *procedures in two classes of cases* based on the amount of money involved, does not make *Code* § 6-301, providing for appeals to the superior court from judgments of justice courts, applicable to any case in the Civil and Criminal Court of Cobb County.

The trial court did not err in dismissing the defendant's affidavit of illegality.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED JANUARY 3, 1967—DECIDED JANUARY 11, 1967.

*Doyle C. Brown,* for appellant.
*James C. Holcombe,* for appellee.