### 42297. FIREMAN'S FUND AMERICAN INSURANCE COMPANY et al. v. HESTER.

PANNELL, Judge. The Georgia Workmen's Compensation Act (*Code* § 114-707) requires that an award of the Board of Workmen's Compensation shall be accompanied by a statement of findings of fact upon which it is made in order that the losing party may intelligently prepare his appeal and that the cause may thereupon be intelligently reviewed. To fulfill this requirement, the findings of fact must consist of a concise but comprehensive statement of the cause and circumstances of the accident as found to be true by the Board of Workmen's Compensation and similar findings of fact upon any material issue in the case. See *Atlanta Transit System v. Harcourt,* 94 Ga. App. 503 (95 SE2d 41); *Southeastern Exp. Co. v. Edmondson,* 30 Ga. App. 697 (1) (119 SE 39); *American Mutual Liab. Ins. Co. v. Hardy,* 36 Ga. App. 387, 390 (137 SE 113); *Noles v. Aragon Mills,* 110 Ga. App. 374 (138 SE2d 598); *Dudley v. Sears, Roebuck & Co.,* 111 Ga. App. 214 (141 SE2d 179); *Grier v. Travelers Ins. Co.,* 112 Ga. App. 159 (2) (144 SE2d 196); *Lee v. General Accident Group,* 112 Ga. App. 197 (1a) (144 SE2d 457). The findings of fact by the director and approved by the board made no decision or findings on the issues. The judge of the superior court, therefore, pursuant to the above authorities, should have remanded the case to the Board of Workmen's Compensation with direction that findings of fact be made on the issues involved. The order of the trial judge reversing the Board of Workmen's Compensation is affirmed with direction that he vacate the present order of reversal and enter a new order of reversal in accordance with this opinion remanding the case to the Board of Workmen's Compensation.

*Judgment affirmed with direction. Felton, C. J., and Frankum, J., concur.*

SUBMITTED SEPTEMBER 9, 1966—DECIDED JANUARY 16, 1967.

*Young, Young & Ellerbee, F. Thomas Young,* for appellants.
*W. D. Knight, E. R. Smith, Sr.,* for appellee.