## 50266. UNITED STATES FIDELITY & GUARANTY COMPANY et al. v. GENTILE.

CLARK, Judge.

In undertaking to decide this workmen's compensation appeal we find ourselves in the same position as the superior court judge, Hon. Winebert Dan Flexer, who remanded the matter to the state board. He concluded his opinion thusly: "This court finds that the board's award in this case does not contain the findings of fact required by law, and that the court therefore is unable to intelligently review the remainder of the cause and those contentions therein that the board applied an erroneous theory of law in making its award." (R. 128).

Judge Flexer ruled on this case in such a manner that we deem it appropriate to adopt his opinion in toto. For typographical convenience and to facilitate reading thereof we do not use quotation marks but copy it as follows:

This appeal from the award of the State Workmen's Compensation Board in favor of the employer-insurer on de novo review, the deputy director having previously entered an award on behalf of the widow-claimant, came on for a hearing in this court. Counsel for both parties appeared and orally argued the issues in the appeal. Widow-claimant's counsel contended that the board had made no findings of fact in its award, as required by Code § 114-707, and that therefore widow-claimant could not intelligently prepare her appeal, being particularly confused as to whether or not the board had decided the case on an erroneous legal theory, such as erroneously

using the "natural inference test" for the first time in a heart attack case against a claimant where the latter had competent medical testimony in her favor and such as erroneously applying the "preponderance of the evidence" standard by counting the number of qualified expert medical witnesses appearing for each party. Employer-insurer's counsel contended that there did exist sufficient findings of fact in the award, those findings being to the effect that the preponderance of the evidence burden had not been carried and that there did not exist an accident which arose out of the deceased's employment. Counsel also contended that the award of the board should be affirmed under the "any evidence" rule.

This case is, loosely termed, a heart attack case, and the factual issues in such a case are (1) whether or not the employee suffered a heart attack or similar "accident" as that word is construed under the Workmen's Compensation Act, and if so (2) whether or not the attack or accident was caused by, or accelerated by, or contributed to by the deceased's exertion, however slight, while engaged in his work, or whether it was caused solely by the natural progression of a pre-existing physical condition completely unrelated in cause to his work. See *Fireman's Fund Am. Ins. Co. v. Hester,* 115 Ga. App. 39 (153 SE2d 622) (1967); *Hoffman v. National Surety Corp.,* 91 Ga. App. 414 (85 SE2d 784) (1955). It is the duty of the board to weigh the evidence, decide what are the true facts, and make findings of the specific facts and on the material issues in the case.

"The Georgia Workmen's Compensation Act (Code § 114-707) requires that an award of the board of workmen's compensation shall be accompanied by a statement of findings of fact upon which it is made in order that the losing party may intelligently prepare his appeal and that the cause may thereupon be intelligently reviewed. To fulfill this requirement, the findings of fact must consist of a concise but comprehensive statement of the cause and circumstances of the accident as found to be true by the board of workmen's compensation and similar findings of fact upon any material issue in the case. See *Atlanta Transit System v. Harcourt,* 94 Ga. App. 503 (95

SE2d 41); *Southeastern Exp. Co. v. Edmondson,* 30 Ga. App. 697 (1) (119 SE 39); *American Mutual Liab. Ins. Co. v. Hardy,* 36 Ga. App. 387, 390 (137 SE 113); *Noles v. Aragon Mills,* 110 Ga. App. 374 (138 SE2d 598); *Dudley v. Sears, Roebuck & Co.,* 111 Ga. App. 214 (141 SE2d 179); *Grier v. Travelers Ins. Co.,* 112 Ga. App. 159 (2) (144 SE2d 196); *Lee v. General Accident Group,* 112 Ga. App. 197 (1a) (144 SE2d 457)." *Fireman's Fund Am. Ins. Co. v. Hester,* supra. A mere description of who testified or a mere narrative of the testimony of the witnesses is not a compliance with the Act. *Atlanta Transit System v. Harcourt,* supra; *Southeastern Exp. Co. v. Edmondson,* supra. And the mere statement in an award to the effect that the board finds that the injury did or did not arise out of the employment is not such a finding of fact as would justify an award, when it stands unsupported by any other findings of fact to justify it as a conclusion. *Southeastern Exp. Co. v. Edmondson,* supra.

In a case of this type the findings of fact of the board must address themselves to the specific facts and the material issues.

"The case of *Hoffman v. National Surety Corp.,* 91 Ga. App. 414, 417 (85 SE2d 784) discusses the showing which a claimant must make to support an award in a case of this type:

" '[I]t must be shown by evidence, opinion or otherwise, that the exertion attendant upon the duties of employment, no matter how slight or how strenuous, and no matter with what other factors — such as a preexisting disease or predisposition to attack — it may be combined, was sufficient to contribute toward the precipitation of the attack. Where evidence as to the work engaged in shows it to be sufficiently strenuous, or of such a nature that, combined with the other facts of the case, it raises a natural inference through human experience that it did so contribute, this is sufficient. In other cases, the opinions of experts that the exertion shown by the evidence to exist would be sufficient is also sufficient to authorize a finding on the part of the fact-finding tribunal that it did. But, in one way or another, the fact must appear.'

"It goes without saying that the 'findings of fact,' in

order to support an award either granting or denying compensation, must address itself to these same issues." *Employers Mut. Liab. Ins. Co. v. Videtto,* 124 Ga. App. 458, 461 (184 SE2d 210) (1971).

To supplement and complete the foregoing superior court opinion we add citations of two cases wherein we have recently remanded appeals to the state board. They are *Greyhound Van Lines v. Collins,* 132 Ga. App. 806 (209 SE2d 250) and *American Mut. &c. Ins. Co. v. Williams,* 133 Ga. App. 257 (211 SE2d 193).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED FEBRUARY 4, 1975 — DECIDED MARCH 18, 1975.

*Hopkins, Gresham & Whitley, H. Lowell Hopkins,* for appellants.

*Troutman, Sanders, Lockerman & Ashmore, William H. Schroder, Jr.,* for appellee.