56509. MALONE v. FIREMAN'S FUND INSURANCE COMPANY et al.

QUILLIAN, Presiding Judge.

This is an appeal from a judgment of the superior court which affirmed an award of the State Board of Workers' Compensation (changed from State Board of Workmen's Compensation, Ga. L. 1978, pp. 2220, 2221, effective July 1, 1978) which held that the claimant had not had a change in condition. *Held:*

1. The award of the board was as follows: "Statement. This claim came before the Board on September 13, 1977, by application of the claimant to review the award of Judge Le Bey, dated August 1, 1977. The Board takes notice of a Form 19 in the record, approved by the Board on March 22, 1977, which indicates the claimant was able to return to work on February 20, 1977. Findings of Fact. Based upon a de novo consideration of all the evidence, the Board makes the following findings: a. Claimant's condition has not changed for the worse since February 20, 1977. b. Claimant has not tried to find employment since February 20, 1977. Conclusions of Law. The claimant has not undergone a change in condition from no incapacity to work since February 20, 1977. Award. The claimant's application for a change in condition is hereby denied."

In *Fireman's Fund American Ins. Co. v. Hester,* 115 Ga. App. 39 (153 SE2d 622) it was held: "The Georgia Workmen's Compensation Act (Code § 114-707) requires

that an award of the Board of Workmen's Compensation shall be accompanied by a statement of findings of fact upon which it is made in order that the losing party may intelligently prepare his appeal and that the cause may thereupon be intelligently reviewed. To fulfill this requirement, the findings of fact must consist of a concise but comprehensive statement of the cause and circumstances of the accident as found to be true by the Board of Workmen's Compensation and similar findings of fact upon any material issue in the case."

It is the duty of the board to make findings of specific facts on the material issues in the case. The above quoted award does not meet this test. The award does not show upon what evidence the finding was predicated that the claimant's condition had not changed from the worse since February 20, 1977.

The judgment of the superior court is reversed with direction that the case be remanded to the State Board of Workers' Compensation with direction that it make findings of fact in accordance with Code Ann. § 114-707 (f) (Code § 114-707, as amended through Ga. L. 1978, pp. 2220, 2229, eff. July 1, 1978).

2. The award of the administrative law judge had granted the claimant compensation from September 27, 1976 to April 15, 1977. The appellant contended that the full board did not have the authority to change this part of the award because the appellee did not appeal the award of the administrative law judge to the full board. This contention is without merit. The appellant's appeal to the full board was a request that a de novo hearing be held. In *Burel v. Liberty Mut. Ins. Co.,* 56 Ga. App. 716, 717 (3) (193 SE 791) it was held: "An appeal from an award of compensation made by one of the directors of the Department of Industrial Relations to the full board opens the entire case as a de novo proceeding, and the board may, on a review of the case, render an award in favor of the employer and the insurance carrier denying compensation, notwithstanding the award of the single director appealed from awarded compensation to the claimant, and the appeal from the award of the single director to the full board was not made by the employer or the insurance carrier, but was made by the claimant alone

on the ground that the amount awarded to the claimant as a matter of law was insufficient."

*Judgment reversed with direction. Webb and McMurray, JJ., concur.*

SUBMITTED SEPTEMBER 6, 1978 — DECIDED SEPTEMBER 21, 1978.

*Jack Dorsey,* for appellant.
*Stone, Pennington & Goetz, Charles M. Goetz, Jr.,* for appellees.