## 56338. CARRIE v. CONTINENTAL INSURANCE COMPANY et al.

QUILLIAN, Presiding Judge.

Willie Webb Carrie filed a claim for workers' compensation benefits to which she contends she is entitled as a result of her husband's death. The claim was denied by the State Board of Workers' Compensation (changed from State Board of Workmen's Compensation, Ga. L. 1978, pp. 220, 221, effective July 1, 1978) and the award of the board was affirmed by the superior court. The case is here for review. *Held:*

The complete findings of fact and conclusions of law of the full board read: "Findings of Fact. Based upon a denovo consideration of all the evidence, the Board makes the following findings: a. The employee died of a heart attack on December 22, 1976. b. The deceased had a serious heart condition which had been diagnosed prior to his death. It had been determined by his doctors that the deceased had only the remnant of a heart muscle and that his prospects for recovery or improvement were very poor. c. The death of the deceased was not caused by his employment. Conclusions of Law: The decedent's death did not arise out of his employment."

In *Fireman's Fund American Ins. Co. v. Hester,* 115 Ga. App. 39 (153 SE2d 622) it was held: "The Georgia Workmen's Compensation Act (Code § 114-707) requires that an award of the Board of Workmen's Compensation shall be accompanied by a statement of findings of fact upon which it is made in order that the losing party may intelligently prepare his appeal and that the cause may thereupon be intelligently reviewed. To fulfill this requirement, the findings of fact must consist of a concise but comprehensive statement of the cause and circumstances of the accident as found to be true by the Board of Workmen's Compensation and similar findings of fact upon any material issue in the case."

In discussing the necessity for sufficient findings of fact by the State Board of Workers' Compensation in *U. S. Fidelity &c. Co. v. Gentile,* 134 Ga. App. 318, 320 (214 SE2d 406) it was stated: "In a case of this type the findings of fact of the board must address themselves to the specific

facts and the material issues. 'The case of *Hoffman v. National Surety Corp.,* 91 Ga. App. 414, 417 (85 SE2d 784) discusses the showing which a claimant must make to support an award in a case of this type: it must be shown by evidence, opinion or otherwise, that the exertion attendant upon the duties of employment, no matter how slight or how strenuous, and no matter with what other factors — such as a preexisting disease or predisposition to attack — it may be combined, was sufficient to contribute toward the precipitation of the attack. Where evidence as to the work engaged in shows it to be sufficiently strenuous, or of such a nature that, combined with the other facts of the case, it raises a natural inference through human experience that it did so contribute, this is sufficient. In other cases, the opinions of experts that the exertion shown by the evidence to exist would be sufficient is also sufficient to authorize a finding on the part of the fact-finding tribunal that it did. But, in one way or another, the fact must appear. It goes without saying that the findings of fact, in order to support an award either granting or denying compensation, must address itself to these same issues.' *Employers Mut. Liab. Ins. Co. v. Videtto,* 124 Ga. App. 458, 461 (184 SE2d 210) (1971)."

The findings of fact made by the board in the case sub judice did not meet the test set forth above. Therefore, the judgment of the superior court is reversed with direction that this case be remanded to the State Board of Workers' Compensation with direction that it make findings of fact in accordance with Code § 114-707.

*Judgment reversed with direction. Webb and McMurray, JJ., concur.*

ARGUED SEPTEMBER 5, 1978 — DECIDED OCTOBER 16, 1978.

*Savell, Williams, Cox & Angel, John M. Williams, Michael Jablonski,* for appellant.

*Swift, Currie, McGhee & Hiers, W. Wray Eckl, John P. Reale,* for appellees.