## 56698. CINCINNATI INSURANCE COMPANY et al. v. ROBERTS.

QUILLIAN, Presiding Judge.

This is an appeal from a judgment of the superior court which remanded an award to the State Board of Workers' Compensation with direction that it make proper findings of fact in accordance with Code Ann. § 114-707 (Code § 114-707, as amended through Ga. L. 1975, pp. 198, 207). *Held:*

The award in this case made the following findings of fact: "Based on all of the admissible evidence adduced at the change-in-condition hearing in Atlanta on July 20, 1977, and thereafter until the record closed on January 5, 1978, I find in fact: Based upon a careful review of the entire file together with my observation of the claimant at the hearing in July, and his testimony on that occasion, I am of the opinion and find that the defendants have sustained the burden of proving that the claimant was physically able to return to work and if it were not for the fact that the claimant is now incarcerated in prison after being convicted of a felony, he would be able to obtain gainful employment. I believe the employer/insurer has

done all that the law would require them to do to establish that the claimant has experienced a change in his condition as contemplated by the Act."

In *Fireman's Fund Am. Ins. Co. v. Hester,* 115 Ga. App. 39 (153 SE2d 622) it is stated: "The Georgia Workmen's Compensation Act (Code § 114-707) requires that an award of the Board of Workmen's Compensation shall be accompanied by a statement of findings of fact upon which it is made in order that the losing party may intelligently prepare his appeal and that the cause may thereupon be intelligently reviewed. To fulfill this requirement, the findings of fact must consist of a concise but comprehensive statement of the cause and circumstances of the accident as found to be true by the Board of Workmen's Compensation and similar findings of fact upon any material issue in the case."

The findings of fact in the award in this case did not meet the test set forth in the *Hester* case. The judgment of the superior court was correct.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED OCTOBER 16, 1978 — DECIDED NOVEMBER 7, 1978.

Savell, Williams, Cox & Angel, John M. Williams, Mark S. Gannon, for appellants.

Reeves & Collier, Rex T. Reeves, Thomas C. Hays, for appellee.