## 58511. CARRIE v. CONTINENTAL INSURANCE COMPANY et al.

BIRDSONG, Judge.
Workers' compensation. This appeal involves a claim by a widow for compensation following a fatal "heart

attack" sustained by her husband. There is evidence to show that the decedent suffered from extremely occluded arterial heart vessels in which three of the major heart arteries were either occluded or obstructed and that the majority of the heart muscle tissue was already dead. The prognosis for survival was very poor. Expert testimony was offered that the death was the product of the disease and was not caused by the decedent's work.

There was conflicting evidence that the claimant's husband had been under considerable physical and emotional strain as a part of his occupation; that immediately prior to his fatal seizure he had been exposed to extreme cold, walked up several flights of stairs or walked up a steep ramp; that at the time of his death he was engaged in his employer's business; and that the attack was not witnessed and Mr. Carrie was found dead.

At the initial hearing the administrative law judge found the death was a compensable one. Upon appeal by the employer and insurer, the State Board of Workers' Compensation changed that finding to one that the death was the product of the disease and thus was not compensable. After remittitur from an intermediate appeal in which this court held that the findings of fact and conclusions of law were inadequate (*Carrie v. Continental Ins. Co.*, 147 Ga. App. 544 (249 SE2d 349)), the state board again found the death not compensable and this conclusion was affirmed upon appeal to the superior court. This appeal by the appellant-widow followed. *Held:*

The case presents a situation where the trier of fact was presented with a clear conflict of evidence. In our opinion the evidence does not demand a finding of compensability or of non-compensability but there is sufficient competent evidence to support either position. However, this court does not function as a trier of fact nor does it weigh the evidence. This court must follow the rules established by law and precedence which compel us to affirm the judgment of the superior court if there is any competent evidence in the record to support the state board's finding that Mr. Carrie's death was not caused by his employment. *Speight v. Container Corp.*, 138 Ga. App. 45, 46-47 (225 SE2d 496). As indicated above, there is

such support, and even if we were to consider that the supporting evidence was not altogether complete or satisfactory, we are still constrained to affirm. *Blackwell v. Liberty Mut. Ins. Co.*, 230 Ga. 174, 175 (196 SE2d 129). See generally *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408, 410-411 (224 SE2d 65).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 12, 1979 — DECIDED NOVEMBER 1, 1979 —
REHEARING DENIED NOVEMBER 19, 1979 — 

*Michael Jablonski, John M. Williams*, for appellant.
*John P. Reale, W. Wray Eckl*, for appellees.