71729. GEORGIA-PACIFIC CORPORATION v. CLARK.
(346 SE2d 911)

POPE, Judge.
This is a discretionary appeal from the judgment of the superior court affirming an award of the State Board of Workers' Compensation which held that claimant had suffered a change in condition from partial to total economic disability. *Held*:

1. The full board adopted in toto the following findings of fact and conclusions of law of the Administrative Law Judge: "1. By a prior award of the Board dated June 16, 1981, claimant was awarded total disability income benefits from July 17, 1980 forward as a result of a compensable back injury that occurred on March 13, 1980. 2. On September 16, 1983, claimant returned to work for this employer at a salary less than his pre-injury average weekly wage. The employer/self-insurer commenced payment of a temporary partial disability income benefit of $24.79 per week after the return to work. 3. Claimant on his return was given a sedentary type position wherein he was required to work for about 32 hours per week. 4. On December 9, 1983, claimant was terminated from this sedentary type job as claimant could no longer physically perform the work. 5. Claimant's subsequent economic total disability from December 9, 1983 onward was proximately caused by his compensable back injury of March 13, 1980. Claimant is entitled to recommencement of payment of the total disability income benefit of $110.00 per week effective from December 9, 1983 forward."

"In *Fireman's Fund American Ins. Co. v. Hester*, 115 Ga. App. 39 (153 SE2d 662) [(1967)] it was held: 'The Georgia [Workers'] Compensation Act [OCGA § 34-9-102 (f)] requires that an award of the Board of [Workers'] Compensation shall be accompanied by a statement of findings of fact upon which it is made in order that the losing party may intelligently prepare his appeal and that the cause may

thereupon be intelligently reviewed. To fulfill this requirement, the findings of fact must consist of a concise but comprehensive statement of the cause and circumstances of the accident as found to be true by the Board of [Workers'] Compensation and similar findings of fact upon any material issue in the case.' " *Malone v. Fireman's Fund Ins. Co.,* 147 Ga. App. 264 (1) (248 SE2d 544) (1978). The above-quoted award does not show upon what facts the finding was predicated that claimant's disability was proximately caused by his previous back injury. Further, the award discloses no facts supporting the findings that claimant was terminated or that he could no longer physically perform the sedentary work provided him by appellant employer. It follows that the award does not meet the test set forth in *Malone,* supra. Accord *Cincinnati Ins. Co. v. Roberts,* 148 Ga. App. 60 (251 SE2d 87) (1978); *Hodges v. Fidelity & Cas. Co.,* 105 Ga. App. 273 (124 SE2d 435) (1962).

Therefore, the judgment of the superior court is reversed with direction that the case be remanded to the State Board of Workers' Compensation with direction that it make findings of fact in accordance with OCGA § 34-9-102 (f).

2. In light of our holding in Division 1, supra, we do not reach the merits of appellant's remaining enumeration of error which challenges the sufficiency of the evidence to support the award.

*Judgment reversed with direction. Deen, P. J., McMurray, P. J., Sognier and Benham, JJ., concur. Beasley, J., concurs specially. Banke, C. J., Birdsong, P. J., and Carley, J., dissent.*

BEASLEY, Judge, concurring specially.

I concur in the conclusion reached in Division 1 because the findings of fact were not sufficiently set forth in the award. OCGA § 34-9-102 (f) calls for "findings of fact and conclusions of law and any other necessary explanation of the action taken."

A leading case which discusses this is *Southeastern Express Co. v. Edmondson,* 30 Ga. App. 697 (1) (119 SE 39) (1923). It was noted that where the award was structurally deficient, the case could be remanded "in order that the commission may state its findings upon the evidence previously taken." Id. at 700. The court explained: "it is the duty of the commission to weigh the evidence and to declare what it finds to be the truth. Some of the witnesses might make a case demanding compensation, while the evidence of others might demand just the opposite. A mere narrative of conflicting testimony would leave it impossible for a reviewing court to determine whether the truth of the transaction as conceived by the commission would support its decree. [Cits.]" Thus, it should be made clear that we are not calling for a narration of the testimony, which under the act is not necessary, but the findings of fact must be "sufficiently stated." See

also *Atlanta Transit System v. Harcourt*, 94 Ga. App. 503 (95 SE2d 41) (1956).

While the award need not recapitulate the evidence, which will be in the record and must support the findings of fact, it must "be accompanied by a statement of the findings of fact upon which the award is made. This requirement contemplates a concise but comprehensive statement of the cause and circumstances of the accident as the commission shall find it to have occurred; . . . In other words, it is contemplated . . . that the commission shall adjudicate and file a statement of the facts supporting the legal conclusions arrived at." *Metropolitan Cas. Co. v. Dallas*, 39 Ga. App. 38, 39 (146 SE 37) (1928). See also *Dudley v. Sears, Roebuck & Co.*, 111 Ga. App. 214 (141 SE2d 179) (1965); *Greyhound Van Lines v. Collins*, 132 Ga. App. 806 (209 SE2d 250) (1974). *United States F. & G. Co. v. Gentile*, 134 Ga. App. 318, 320 (214 SE2d 406) (1975) is instructive when it states: "the findings of fact of the board must address themselves to the specific facts and the material issues." The findings of fact are necessary to demonstrate the process by which the conclusions of law are reached. For an excellent discussion of the nature and purpose of findings of fact, see Taggart, "Should Administrative Tribunals Be Required to State Findings of Fact?" 9 New Zealand Universities Law Review 162 (Dec. 1980).

That is the thrust of the theory underlying OCGA § 9-11-52 (a)'s similar requirement. *Woodruff v. B-X Corp.*, 154 Ga. App. 197 (2) (267 SE2d 757) (1980). Further light is shed in this connection by *Spivey v. Mayson*, 124 Ga. App. 775, 776 (186 SE2d 154) (1971): " 'The purpose of findings of fact is threefold: as an aid in the trial judge's process of adjudication; for purposes of res judicata and estoppel by judgment; and as an aid to the appellate court on review.' [Cit.] They should be brief, concise, pertinent and adjusted to the evidence as reflected by the record. Overelaboration and particularization is neither required nor desired. [Cit.] They should not be redundant or argumentative, but should be inclusive enough to afford an intelligent review. [Cits.] They are not intended to amount to a brief of the evidence and need be made only on issues necessary to a disposition of the cases and upon which the judgment was entered. [Cit.] And like the findings of a jury, or of the Workmen's Compensation Board, they are binding on appeal and unless wholly unsupported or clearly erroneous will not afford a basis for reversal."

Since the findings of fact in the instant case do not adequately serve the purpose, I agree to remand.

CARLEY, Judge, dissenting.

I respectfully dissent from the majority's conclusion that this case must be "remanded to the State Board of Workers' Compensa-

tion with direction that it make findings of fact in accordance with OCGA § 34-9-102 (f)." I believe that the findings of fact made by the full Board as set forth on pages 541 and 542 of the majority opinion fully and completely comply with the requirements of OCGA § 34-9-102 (f). *West Point Pepperell v. Adams*, 152 Ga. App. 3 (1) (262 SE2d 212) (1979); *Union Carbide Corp. v. Coffman*, 158 Ga. App. 360 (1) (280 SE2d 140) (1981). I would affirm the superior court's affirmance of the full Board and, therefore, I respectfully dissent.

I am authorized to state that Chief Judge Banke and Presiding Judge Birdsong join in this dissent.

DECIDED JUNE 30, 1986.

*Andrew J. Hamilton, Gwendolyn R. Tyre*, for appellant.
*Jeffrey R. Berry*, for appellee.